Jasen, J.
Jacob Benjamin died intestate on March 20, 1971. Rival widows claimed the estate, valued at $17,000, and sought letters of administration. Olga Benjamin claimed by virtue of a common-law marriage in 1927; Lucille Benjamin by virtue of a ceremonial marriage in 1956. After a trial in Surrogate’s Court, Kings County, it was adjudged, inter alia, that Lucille was the widow of the decedent and that Olga and the decedent had not contracted a valid common-law marriage. The Appellate Division affirmed, one Justice dissenting, and Olga, the decedent’s alleged common-law wife, appeals as of right.[1]
At the trial, there was evidence that Olga began living with Jacob in 1927 and that the two were regarded by their neighbors as husband and wife. In 1929, a daughter, Elouise, was born to them. Both parents acknowledged her in the birth certificate and in the baptismal certificate. In the birth certificate, Olga also indicated that four other children had been born to her. Jacob, it appears, continued to acknowledge Elouise as his daughter until his death. Elouise testified that her mother returned to Trinidad in 1938 or 1939 and never saw Jacob after that. Jacob’s army discharge certificate, dated October, 1944, indicated that he was married. Olga, 80 years old at the time of the trial and purportedly still resident in Trinidad, did not testify.
With respect to Lucille’s claim, there was evidence that in 1956 she and Jacob entered into a ceremonial marriage in New York which was duly recorded. In his affidavit submitted with the application for a marriage license, Jacob stated that he had never been married before.
*30 After trial, the Surrogate held “as a matter of law that the proof fails to establish a valid common-law marriage between the decedent and Olga Benjamin on or about 1927-1933.” The court also found that because the presumption of validity of the ceremonial marriage was so strong, absent direct proof of the agreement per v.erba de praesenti to take one another as husband and wife, the burden of proving the common-law marriage was insuperable.
In our view, the Surrogate’s holding as to the burden of proof to establish a common-law marriage was erroneous. Accordingly, there should be a reversal.
Although common-law marriages were abolished in New York on April 29,1933 (L. 1933, ch. 606), common-law marriages contracted by competent parties prior to that date are recognized and remain valid. (People v. Massaro, 288 N. Y. 211, 215; 15 N. Y. Jur. [rev.], Domestic Relations, § 37, p. 286.) Once a valid common-law marriage is entered into, a subsequent denial of the marriage or a change of mind by one of the parties does not invalidate the marriage. (Dodge v. Campbell, 135 Misc. 644, affd. 229 App. Div. 534, affd. 255 N. Y. 622.)
It is axiomatic that the one seeking to establish the common-law marriage has the burden of proving it. (Matter of Wells, 276 App. Div. 822, affd. 301 N. Y. 796.) But the agreement essential to a common-law marriage need not be proved in any particular way. Direct or circumstantial evidence may suffice. (Matter of Haffner, 254 N. Y. 238, 242; Matter of Pratt, 233 App. Div. 200, 203, app. dsmd. 258 N. Y. 577.) Documentary evidence, cohabitation and reputation as husband and wife, acknowledgment, declarations, conduct and the like are all probative. (Gall v. Gall, 114 N. Y. 109; 15 N. Y. Jur. [rev.], Domestic Relations, § 78, p. 326.) Cohabitation and reputation, or holding out to the world as man and wife, we have held, constitute evidence of a marital agreement and raise a presumption of common-law marriage. (Gall v. Gall, supra; 15 N. Y. Jur. [rev.], Domestic Relations, §§ 66, 79.) The presumption is rebuttable, however, and is said to yield to the stronger presumption of validity attaching to a subsequent ceremonial marriage. (Chamberlain v. Chamberlain, 71 N. Y. 423; Clayton v. Wardell, 4 N. Y. 230.)
*31 Turning to the record before us, the Surrogate found circumstantial proof of cohabitation and reputation from the birth of Elouise in 1929 to Jacob and Olga. It was held, however, that direct proof of the marital agreement was necessary to overcome the strong presumption of validity attaching to the second or ceremonial marriage. We believe the Surrogate’s holding emphasizes unduly the role of direct proof in establishing a common-law marriage. The agreement to live as man and wife is what need be shown and it need not be proved in any particular way. (Matter of Haffner, supra.) Moreover, the Surrogate’s holding appears to overlook the documentary evidence which, if credited, reinforces the evidence of cohabitation and reputation and furnishes strong proof of a common-law marriage between the decedent and Olga Benjamin. Jacob acknowledged the child, Elouise, as his daughter in both the birth and baptismal records. His 1944 army discharge certificate recites that he was then married. Although not admissible to prove the alleged common-law marriage, this latter document is indicative of Jacob’s continuing attitude about his relationship with Olga (cf. Zy v. Zy, 13 N. Y. S. 2d 415, 420421) and is corroborative of what the evidence of cohabitation and reputation, the birth and baptismal records tend to show — the making of an agreement in 1927 to live as man and wife.
For the reasons stated, the order of the Appellate Division should be reversed, without costs, and .the matter remitted to the Surrogate’s Court, Kangs County, for further proceedings consistent with this opinion.

. The Appellate Division also affirmed an order granting in part and denying in part the appellants’ motion to correct the trial minutes for the purposes of appeal. Appellants apparently have abandoned that aspect of the controversy on their appeal to this court.