■ GARY C. ENCK, Appellant, v BARBARA A. ENCK, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Thomas, J.), entered October 18, 1991 in Otsego County, which, *inter alia,* granted defendant's motion for arrears for maintenance.

In 1986, the parties executed a separation agreement, incorporated but not merged in their judgment of divorce, which provided, as relevant to this appeal, that maintenance payments shall cease in the event of defendant's "maintaining a common law marital relationship". In defense of defendant's August 1991 application for an order directing the entry of judgment for maintenance arrears, plaintiff asserted that defendant was engaged in a common-law marital relationship with Steve Colony. Following a hearing, Supreme Court concluded that the proof did not establish a common-law marriage, a determination challenged by plaintiff by this appeal.

We affirm. Although common-law marriages were abolished in New York on April 29, 1933 *(Matter of Benjamin,* 34 NY2d 27, 30), it appears to be the parties' intention that the quoted provision of the separation agreement be interpreted as adopting the law previously in effect in New York. In any event, that is the standard currently advanced by plaintiff and the one which we shall apply. Under prior New York law, the essential feature of a common-law marriage was an agreement to live together as husband and wife, with the resulting obligations arising from the marriage relation (45 NY Jur 2d, Domestic Relations, § 43, at 335; *see, Matter of Benjamin, supra,* at 30-31; *Gall v Gall,* 114 NY 109, 118). "Documentary evidence, cohabitation and reputation as husband and wife, acknowledgment, declarations, conduct and the like are all probative" of such an agreement *(Matter of Benjamin, supra,* at 30; *see,* 45 NY Jur 2d, Domestic Relations, § 44, at 337).

Here, the evidence established that defendant and Colony maintained separate residences, saw each other two or three times a week and "sometimes" dined together, and that Colony "occasionally" stayed overnight at defendant's house and had sex with her. Both defendant and Colony testified that they had not discussed marriage with each other, did not have keys to each other's residence and had not taken any trips or attended any family gatherings together. In these circumstances, plaintiff established neither cohabitation, acknowledgment nor reputation and, thus, has not met his

burden of proving a marital agreement *(cf., Matter of Bliss v Bliss,* 66 NY2d 382, 388; *Stern v Stern,* 88 Misc 2d 860).

As a final matter, plaintiff has failed to address on appeal the propriety of the determination regarding the insurance premiums and counsel fees. Consequently, any dispute concerning those awards has been abandoned and waived *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.