HELEN P. CROSS, Plaintiff, *v.* MARSHALL L. CROSS, Defendant.

Supreme Court, Monroe County, September 6, 1941.

*Dwyer, Reilly, Roberts, McLouth & Dicker* [*Stephen V. Lines* of counsel], for the plaintiff.

*Sutherland & Sutherland* [*Andrew R. Sutherland* of counsel], for the defendant.

LAPHAM, J. This is a motion for temporary alimony and counsel fees in an action for separation on the ground of abandonment and desertion.

In February, 1935, the plaintiff and the defendant were married in New York State at Floral Park. There are no living issue of the marriage. On September 25, 1934, an interlocutory decree of

divorce had been obtained against the defendant in the Probate Court of Middlesex County in Massachusetts. This decree, under the laws of Massachusetts, did not become final until six months later, on March 25, 1935. The defendant married the plaintiff in New York State more than a month before the Massachusetts decree became final.

The defendant seeks to defeat this motion on the ground that his marriage to the plaintiff was invalid because he was legally incompetent at the time to contract another marriage when his former marriage was still undissolved.

It is clear at the outset that the plaintiff must show a reasonable probability of success on the trial of this action and must, for her ultimate success, prove the existence of a valid marriage between herself and the defendant. (*Fischer* v. *Fischer*, 254 N. Y. 463.) It is equally clear that the marriage of the plaintiff and the defendant was void because at the time it was contracted the defendant was still legally married to another person, although the initial steps to dissolve that relationship had already been taken in Massachusetts. (Dom. Rel. Law, § 6.)

The issue at the heart of the case is whether the defendant can take refuge behind the defense that the courts of Massachusetts had not freed him from the bonds of his first marriage although, in entering upon his marriage to the plaintiff, he chose to act as though legal restraints had been lifted. The courts have been alert to preserve the sanctity of the marriage relationship and they have thought that the uncovering of the truth about a void marriage outweighed on the scales of public policy any individual hardships. (*Fischer* v. *Fischer, supra; Lefferts* v. *Lefferts*, 263 N. Y. 131; *Davis* v. *Davis*, 279 id. 657.) The doctrine of estoppel on which the plaintiff relies on this motion has been recognized and applied when private rights which are collateral to the marriage are at stake (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Brown* v. *Brown*, 242 App. Div. 33; affd., 266 N. Y. 532), or when one party seeks to contest the validity of a foreign decree of divorce *which he secured* in order to avoid his obligations under the marriage. (*Krause* v. *Krause*, 282 N. Y. 355.)

The case of *Krause* v. *Krause* marked, as this court pointed out in *Maloney* v. *Maloney* (22 N. Y. Supp. [2d] 334; affd., 262 App. Div. 936), a departure from the unbroken line of cases which have excluded the doctrine of estoppel from situations where an adjudication was sought only on the marriage status itself in which the State as well as the parties to the marriage had a direct interest. But the new ground broken by the Court of Appeals in the *Krause* decision does not, in my judgment, reach to the facts of the present

case. The rationale of the decision in *Krause* v. *Krause* was that a party should not be heard to say that a foreign decree of divorce *which he sought and obtained* did not accomplish the results that it purported to achieve. Here, on the other hand, the defendant did not seek the divorce in the courts of Massachusetts. So far as the facts before me show, he played a passive part as defendant and not an active moving part as plaintiff in the Massachusetts action. The defendant is a lawyer and as such is presumed to be familiar with the law. His conduct in marrying the plaintiff before the Massachusetts decree became final is most reprehensible, but it lacks the affirmative element emphasized in the *Krause* case. He, moreover, in this action is not seeking any affirmative relief. If he were, I should be constrained to deny it. (*Fischer* v. *Fischer*, *supra; Schein* v. *Schein*, 169 Misc. 606.) He is merely resting on a defense of a void marriage which the law at present allows him. With the morality of that defense I have, of course, nothing to do.

Counsel for the plaintiff has, with admirable candor, admitted that he had been unable to find any case that exactly parallels this action, and my own independent investigation has not uncovered any. Until the Court of Appeals ventures beyond the decision in the *Krause* case in marking out the area in which the doctrine of estoppel will be invoked, a plaintiff cannot, with the facts of this case which are at her disposal before the trial of the action, show that reasonable probability of ultimate success which will justify an award for temporary alimony and counsel fees.

The motion is denied, without costs.

Let order enter accordingly.