Rocco A. Parella, J.
An inquest to declare the status of a marriage was taken before me without a jury. The evidence discloses that the plaintiff and defendant William Jaxson Skinner were married in a church ceremony on October 9, 1948, in the borough of The Bronx, city .of New York. Less than five months later, a divorce granted to a former wife of defendant Skinner in Virginia became final. However, plaintiff did not learn of this impediment to their marriage until after the birth of their child. In July of 1950, plaintiff and defendant Skinner visited in Washington, District of Columbia, and in August of 1953 they visited in Philadelphia, Pennsylvania, staying in the latter place for about three weeks and in the former for about a month. In June of 1955, defendant Skinner and defendant Barbara Scoon intermarried. Neither the plaintiff nor defendant Skinner at any time ever had the marriage dissolved between them. During all of these times and up to the separation between them in 1954, the evidence establishes that plaintiff and defendant Skinner held themselves out and *1014 conducted themselves as husband and wife in New York, Pennsylvania and the District of Columbia. They owned cars and acquired a home and furnishings in this State, title to the real estate being taken in the name of defendant Skinner and plaintiff, his wife. They attended church and social functions, registered at lodgings as man and wife, and generally were considered as husband and wife by all who knew them, including defendant Barbara Scoon, at all of the times and in all of the places mentioned.
Neither in this State, in the District of Columbia, nor in the State of Pennsylvania, can the ceremonial marriage between the plaintiff and defendant Skinner be considered valid, the latter having at that time a living spouse from whom no valid divorce had been finally obtained. However, when the impediment to the marriage was subsequently removed, a common-law marriage between plaintiff and defendant Skinner arose both in the District of Columbia and in the State of Pennsylvania. In the District of Columbia the court, in the case of Thomas v. Murphy (107 F. 2d 268, 269), stated: “ It has been widely held that the removal of an impediment while parties continue to live together as husband and wife gives rise to a common-law marriage (See, also, Hoage v. Murch Bros. Const. Co., 50 F. 2d 983, as to the essentials of a common-law marriage therein.) While in the State of Pennsylvania there is a presumption of continuance as to a relation illicit in its inception, nevertheless, it does not apply to cases where in good faith the parties continue to live together as husband and wife after the complete removal of the obstacle in the way of a valid marriage; and marriage may be established by long-continued cohabitation and reputation (Matter of Thewlis, 217 Pa. 307). There is nothing in the case at bar to suggest in the slightest degree any intention on the part of either party to the ceremonial marriage to enter into any meretricious relationship. Their conduct evidenced their intent, in good faith, to live in lawful wedlock after the impediment to their marriage was removed (see Matter of Schneider, 206 Misc. 18; Matter of Haffner, 254 N. Y. 238), refraining from remarrying only because of their child and the resultant embarrassment before their friends who had no doubt about their being married.
While a common-law marriage is not valid when contracted within the State of New York (Domestic Relations Law, § 11, as amd. by L. 1933, ch. 606), nevertheless, having been entered into both in the District of Columbia and in the State of Pennsylvania where such marriages are considered valid, such marriage is deemed valid in this State (cf. Shea v. Shea, 294 *1015 N. Y. 909; Matter of Singer, 138 N. Y. S. 2d 740; Matter of Schneider, supra). The court accordingly finds that subsequent to the ceremonial marriage entered into between the plaintiff and defendant William Jaxson Skinner, and in July of 1950 the parties entered into a valid common-law marriage in the city of Washington, District of Columbia, and again in August of 1953 in the city of Philadelphia, State of Pennsylvania and that because of the validity of the common-law marriage still persisting and there being no testimony that it has been dissolved the defendant William Jaxson Skinner lacked capacity to enter into a valid contract of marriage with Barbara Scoon.
The above constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act. Submit judgment.