S. Samuel Di Falco, S.
The petitioner in this proceeding to compel the administratrix to account, is the son of the decedent by Phoebe Haskel. The administratrix is the daughter of the decedent by Fannie Haskel. She challenges the validity of the decedent’s marriage to petitioner’s mother and, consequently, the petitioner’s status as a distributee.'
The marriage to Fannie Haskel is not questioned. She is still living. Her affidavit and the respondent’s answer claim that this marriage was never dissolved. However, the petitioner offered in evidence a decree of divorce made by a competent court of Pennsylvania in an action brought against the decedent by Fannie Haskel, and the validity of this decree is not now in dispute. Although the decree on its face states that it was rendered at a June Term 1917, its effective date appears to be February 16, 1920. The decedent went through a ceremonial marriage with Phoebe Haskel on August 11, 1918 in Melbourne, Australia. The present record contains nothing to indicate the time when the decedent was separated from Fannie Haskell, the circumstances of the separation, or whether any divorce proceeding was ever instituted by the decedent. The petitioner was born in Australia in 1921. The family came to New York shortly afterwards where the decedent and Phoebe Haskell lived as husband and wife until they were divorced in 1938.
Common-law marriages were valid in this State when the parties first lived here. In the absence of any evidence in the record, we may presume that they were also valid in Australia. (Hynes v. McDermott, 82 N. Y. 41, 47; 91 N. Y. 451, 458.) In any event, the parties lived the greater part of their married life in this State. Although it is possible that the bonds of the first marriage may have been dissolved prior to the Pennsylvania action, we may assume, as does the respondent, that the first marriage had not been dissolved when the second ceremony was performed. In that case the parties went through a formal marriage ceremony a year and a half before the divorce decree became final. For years after it became final, they continued to live together as husband and wife, and to represent themselves as such. A child was born of the union. Under such circumstances, a finding óf a valid marriage between the decedent and Phoebe Haskell is justified. (Matter of Haffner, 254 N. Y. 238; Matter of Wells, 123 App. Div. 79, affd. 194 N. Y. 548; Skinner v. Skinner, 4 Misc 2d 1013; Matter of McNell, 187 Misc. 899.)
What the Court of Appeals said in Matter of Haffner, with necessary changes of parties, is particularly applicable here. Said the court: “ A common-law marriage is not required to be *682 proved in any particular way. It is sufficient if the evidence establishes that legally competent parties in prcesenti intended to become husband and wife and thereafter lived and cohabited as husband and wife. The ceremonial marriage evidenced the intent of the deceased and [petitioner’s mother] to enter into a legal and honorable state of matrimony. * * * The
[respondent] urges that the ceremonial marriage was void, that the relation of the parties was illicit and unlawful, and that such relation must be presumed to have continued in the absence of a new contract in prcesenti, by which the parties agreed to become husband and wife by a common-law marriage after the obstacles to a legal marriage were removed. * * * The con-
duct of the parties evidenced their intent to live in lawful wedlock after the impediments to their marriage were removed. Courts should not be solicitous to nullify such intent and decree the relation which they believed lawful to be unlawful and void ’ ’ (pp. 242-243). In Matter of Wells (supra) the court held that where one person under no legal disability, in good faith married one who was then incapable of entering into such relation because of a legal impediment, and the parties continue matrimonial cohabitation after legal impediment has been removed, hold themselves out as husband and wife and are so recognized by their relatives, friends and society, a valid common-law marriage must be presumed to have taken place after the legal impediment had been removed. The same result was reached in the other cited- cases and in the decision therein discussed.
The court, therefore, holds that the petitioner is the legitimate son of the decedent and entitled to a share in the estate. The respondent is directed to file her account within 60 days.