■ In the Matter of the Estate of ANTONIO PECORINO, Deceased. ALEXANDER PECORINO, as Executor of ANTONIO PECORINO, Deceased, Appellant; FRANK JOHNSON, as Executor of AGNES PECORINO, Deceased, Respondent.—In a proceeding to determine the validity of a right of election filed by Agnes Pecorino, petitioner appeals from a decree of the Surrogate's Court, Queens County, dated March 14, 1977, which, after a nonjury trial, *inter alia,* declared Agnes Pecorino to be the lawful widow of Antonio Pecorino. Decree affirmed, without costs or disbursements. Agnes Johnson and Antonio Pecorino traveled to Pennsylvania in 1953 for the specific purpose of entering into a common-law marriage. While there, they exchanged verbal marriage vows. Three days later they returned to New York and set up residence at Antonio's house in Brooklyn. Agnes' children by her first marriage also resided with the couple. Until Antonio's death in 1973, the couple held themselves out as husband and wife and were so regarded by numerous neighbors, friends and relative who testified at the trial of this proceeding. The issue presented by this appeal is whether the New York courts should recognize the common-law marriage thereby entitling Agnes to a right of election against Antonio's will (see EPTL 5-1.1). It is well established that New York will honor a common-law marriage if it was validly contracted in another State *(Matter of Lieblein v Charles Chips, Inc.,* 32 AD2d 1016, affd 28 NY2d 869). According to Pennsylvania law, a common-law marriage may be contracted when a present agreement to marry is followed by cohabitation and reputation as husband and wife *(Matter of Craig,* 273 Pa 530, 533). Pennsylvania does not prescribe any particular period of cohabitation and reputation within its borders as a predicate for a common-law marriage (48 Pa Stat Ann, tit 48, § 1-23). A review of the record on this appeal reveals that a present agreement to marry may be inferred from the couple's conduct and declarations. This agreement was ratified by their every act in Pennsylvania, New York and elsewhere. A valid common-law marriage under Pennsylvania law having taken place, Agnes Pecorino is entitled to a right of election against Antonio's will. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.