Regina Cross, Appellant, v Christopher Cross, Respondent.

First Department, June 21, 1984 .

APPEARANCES OF COUNSEL

*Dolores Seligman* of counsel (*Seligman, Stein & Abramowitz,* attorneys), for appellant.

*Harold Wm. Suckenik* for respondent.

### OPINION OF THE COURT

Carro, J.

Plaintiff sues for a declaration that she is the "lawful wife" of defendant; for a judgment of divorce, with custody over their son and appropriate maintenance and child support, etc.; and for a declaration that she is the rightful owner of certain property in up-State New York. The parties have cohabited in New York from 1966 until 1981, allegedly as husband and wife. The predicate for this action is plaintiff's assertion that the parties entered into a common-law marriage by virtue of their actions in accord

with the law of Colorado, Pennsylvania, Rhode Island and the District of Columbia, where common-law marriages are recognized.

After service of her complaint, plaintiff moved for *pendente lite* relief in the form of, *inter alia,* maintenance, child support, exclusive possession of the vacation home and access to the marital residence so as to secure some of her possessions. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint upon the ground that it was impossible for him to have married plaintiff, by common law or otherwise, since he was already wed to another in 1940, which marriage was not dissolved by divorce until 1979 (a copy of the divorce decree was attached). Further, defendant argues that since common-law marriage is not allowed in New York State, and the parties at all times resided exclusively in this State, the brief visits made to Pennsylvania and Washington, D. C., at times after his divorce in 1979 were insufficient to establish a common-law marriage cognizable in New York.

Special Term denied plaintiff's motion (with leave to pursue similar relief in a paternity suit in Ulster County) and granted the cross motion to the extent of dismissing the first two causes of action. The third cause of action was severed upon the court's finding of factual issues as to the ownership of the up-State property. This appeal followed.

We believe that summary judgment should not have been granted, and we modify the order appealed from to the extent of reinstating the first two causes of action and denying defendant's cross motion. The controlling principles were recently stated by the Court of Appeals in *Matter of Mott v Duncan Petroleum Trans.* (51 NY2d 289, 292): "It has long been settled law that although New York does not itself recognize common-law marriages (L 1933, ch 606; Domestic Relations Law, § 11; see, e.g., *Matter of Benjamin,* 34 NY2d 27, 30), a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted (see, e.g., *Matter of Watts,* 31 NY2d 491, 495; *Shea v Shea,* 294 NY 909; *Matter of Pecorino,* 64 AD2d 711). The law to be applied in determining the validity of such an out-of-State marriage is the law

of the State in which the marriage occurred. (*Matter of Watts,* 31 NY2d 491, *supra; Matter of Farber v U.S. Trucking Corp.,* 26 NY2d 44, 47.)"

Plaintiff's allegations meet this test sufficiently to defeat a motion for summary judgment. All four jurisdictions (Colorado, Rhode Island, Pennsylvania and the District of Columbia) recognize common-law marriage, Pennsylvania specifically by statute. (Cf. Pa Stats Ann, tit 48, § 1-23; *Matter of Craig,* 273 Pa 530, 533; *Souza v O'Hara,* 121 RI 88; *Holgate v United Elec. Rys.,* 47 RI 337; *Graham v Graham,* 130 Col 225; *Taylor v Taylor,* 10 Col App 303; *Matthews v Britton,* 303 F2d 408, 409; *Hoage v Murch Bros. Constr. Co.,* 60 DC App 218, 220, 50 F2d 983, 985.) While defendant's previous marriage would certainly be a bar to a second marriage in New York prior to defendant's September 27, 1979 divorce (see, e.g., *Cross v Cross,* 177 Misc 347), plaintiff has raised a question for resolution at trial as to alleged visits by the parties to both Pennsylvania and the District of Columbia after that date, at which times the couple cohabited and held themselves out as man and wife (*Matter of Craig, supra; Hoage v Murch Bros. Constr. Co., supra*). Neither jurisdiction appears to require any specific time period, nor is residency a necessary element. (Cf. *Matter of Pecorino,* 64 AD2d 711; *Skinner v Skinner,* 4 Misc 2d 1013; contra *Matter of Tabler,* 73 AD2d 101; but cf. *Matthews v Britton,* 303 F2d 408, 410, *supra.*)

Indeed, in the District of Columbia it may be enough that the parties intend a marital relationship, hold themselves out as married and cohabit; an impediment, such as a previous marriage, merely arrests the legality of the common-law union until the first is legally dissolved. (See, e.g., *Matthews v Britton, supra;* cf. *Cooper v Lish,* 318 F2d 262; see, also, *Matter of Thewlis,* 217 Pa 307.)

Given the liberality of at least Pennsylvania and the District of Columbia in giving legal recognition to common-law marriages and the consistent rule of deferring to our sister States in such instances (*Matter of Mott v Duncan Petroleum Trans., supra; McCullon v McCullon,* 96 Misc 2d 962; *Matter of Lieblein v Charles Chips, Inc.,* 32 AD2d 1016; *Skinner v Skinner, supra; Matter of Braun,* NYLJ, Dec. 27, 1983, p 13, col 5), we find support in

plaintiff's amended complaint and affidavit to defeat defendant's motion for summary judgment and require a trial.

Accordingly, the order entered December 20, 1983 in Supreme Court, New York County (Hortense W. Gabel, J.), denying plaintiff's motion for *pendente lite* relief and granting defendant's cross motion to the extent of giving him summary judgment dismissing the first and second causes of action, should be unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment, the first two causes of action reinstated, and the order appealed from otherwise affirmed, with costs.

ASCH and FEIN, JJ., concur with CARRO, J.; SANDLER, J. P., and SILVERMAN, J., concur in the result only.

Order, Supreme Court, New York County, entered on December 20, 1983, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment, the first two causes of action are reinstated, and the order is otherwise affirmed. Appellant shall recover of respondent $75 costs and disbursements of this appeal.