■ REGINA CROSS, Respondent, v CHRISTOPHER CROSS, Appellant.—Order, Supreme Court, New York County (Kenneth Shorter, J.), entered September 20, 1984, which granted plaintiff's motion for pendente lite relief to the extent of awarding her temporary maintenance of $400 per week, temporary child support of $400 per week, and exclusive occupancy of a residence at Mt. Tremper, is reversed, on the law and the facts, and the motion is denied, without costs. The appeal from the order of the same court (Kenneth Shorter, J.), entered November 8, 1984, which denied defendant's motion for reargument of the prior motion, dismissed as nonappealable, without costs. The order of the same court (Wallace Cotton, J.), entered December 17, 1984, which denied defendant's motion for a separate trial on the first cause of action and for a protective order staying discovery pending determination of the trial on the first cause of action, reversed, on the law, facts, and in the exercise of discretion, and the motion for severance and for a protective order is granted, without costs.

In this matrimonial action, plaintiff Regina Cross (Regina) seeks a divorce on the ground of cruel and inhuman treatment. In the first cause of action, Regina seeks a declaratory judgment that she is "the lawful wife" of defendant Christopher Cross (Christopher). She alleges a valid common-law marriage between the parties which she claims was recognized by five States. The second cause of action is for a judgment of divorce, custody of their son, maintenance, child support, equitable distribution, and counsel fees. The third cause of action seeks to impose a constructive trust on the Mt. Tremper residence, based upon Christopher's alleged promise to convey title thereto.

By order dated December 20, 1983, Special Term denied plaintiff's request for pendente lite relief, without prejudice to renewal in the Family Court, Ulster County, and granted defendant's cross motion for summary judgment to the extent of dismissing the second and third causes of action. This court modified Special Term's order to reinstate the first two causes of action, and otherwise affirmed. (*Cross v Cross,* 102 AD2d 638 [1st Dept 1984].)

Special Term (Shorter, J.) subsequently granted Regina's second motion for pendente lite relief to the extent of awarding her $400 weekly maintenance and support payments, child custody, and exclusive occupancy of the Mt. Tremper residence, by order entered September 20, 1984. The court denied defendant's motion for reargument, by order entered November 8, 1984, and then (Cotton, J.) denied his motions for

severance of the first cause of action, and for a protective order staying discovery pending trial of the first cause of action, by order entered December 17, 1984. Defendant appeals from all three orders.

The main issue presented is whether Special Term erred in granting plaintiff's motion for pendente lite relief. We conclude that plaintiff failed to show a reasonable probability of success in proving the existence of a common-law marriage, and therefore reverse. Domestic Relations Law § 236 (B) provides for awards of temporary maintenance in matrimonial actions seeking the declaration of the validity of a marriage. (*Felt v Felt*, 93 AD2d 396, 397-398 [1st Dept 1983], *affd* 62 NY2d 691, 692 [1983].) Part (B) (2) encompasses actions for declaratory judgment of the validity of common-law marriages. New York will recognize the validity of a common-law marriage contracted in a sister State, if it is valid where contracted. (*Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980]; *Matter of Watts*, 31 NY2d 491, 495 [1973].)

However, as the Court of Appeals held in *Bannon v Bannon* (270 NY 484, 488 [1936]), a putative wife must support her application for temporary relief from the man with whom she lives with substantial proof of the existence of their marital relationship. In *Colt v Colt* (261 App Div 787 [1st Dept 1941]), this court held that such a plaintiff must demonstrate a reasonable probability of success. In *Brock v Brock* (1 AD2d 973 [2d Dept 1956]), the Second Department determined that conflicting affidavits were insufficient to warrant an award of temporary support. The Third and Fourth Departments have indicated that a successful movant for pendente lite relief in a matrimonial action must establish "an existing valid marriage". (*Harris v Harris*, 279 App Div 542, 543 [4th Dept 1952]; *Kramrath v Kramrath*, 231 App Div 533, 534 [3d Dept 1931].)

Regina alleged in support of her application that she and Christopher lived together in New York from 1966 until March 1983, held themselves out as husband and wife, and visited five States which recognize common-law marriage. It is uncontroverted that Christopher had a subsisting marriage to another woman until 1979. Hence, plaintiff's proof of marriage hinges upon evidence of two 1982 visits with friends residing in Pennsylvania and Washington, D.C. Regina adduced no evidence of a declaration, written agreement, or agreement manifesting a common-law marriage under the law of either jurisdiction. (Pa Stat Ann, tit 48, § 1-23; *In re Craig's Estate*, 273 Pa 530, 117 A 221, 222 [1922]; *Matthews v Britton*, 303

F2d 408, 409 [DC Cir 1982].) More significantly, Regina has not controverted Christopher's sworn statement that, to the best of his knowledge, she has a subsisting marriage to a man named Elias. This meagre proof of a marital relationship is insufficient to warrant an award of temporary maintenance.

Plaintiff relies upon this court's decision in *Cross v Cross* (102 AD2d 638, *supra* [1984]), which reversed summary judgment for Christopher on the first two causes of action, reinstated those claims, and affirmed denial of pendente lite relief, as authority for her position that she is entitled to an award of temporary maintenance. This contention lacks merit. Motions for summary judgment merely search the record to determine the existence of triable issues of fact; they do not determine the strength of either party's case. The case of *Lavi v Lavi* (103 AD2d 400 [2d Dept 1984]), cited by Special Term, is inapposite. Plaintiff there made a strong showing of the existence of a valid marriage.

We dismiss the appeal from Special Term's order denying reargument, since orders denying reargument are nonappealable. To hold otherwise would permit circumvention of the time limitations for taking appeals. (2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.04.)

Finally, where it will facilitate the "speedy, unprejudiced disposition" of a case, severance is appropriate in the sound exercise of discretion. (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4011.05.) Separate trial of the first cause of action for declaratory judgment that a valid marriage exists may render the second cause of action moot, and would quickly resolve the issue of plaintiff's right to temporary maintenance during the pendency of the action. The trial should be conducted on an expedited basis, in view of defendant's age.

Since the separate trial of the first cause of action will involve only the declaration of marital status, financial data will have no relevance to its outcome. Discovery of such data will be neither helpful nor relevant to the preparation for this trial. Accordingly, the protective order sought, staying such discovery until the determination of the first trial, is granted. If it is determined that the parties are not husband and wife, such discovery will be unnecessary. If it is determined that they are husband and wife, discovery may, thereupon, proceed. Concur—Kupferman, J. P., Ross, Bloom, Kassal and Rosenberger, JJ.