■ HAROLD STURGIS, Appellant, v ROY WOLFE, Defendant, and ARTHUR PICON et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 7, 1987 in Sullivan County, which, inter alia, denied plaintiff's motion to resettle a prior order and judgment of the court.

This case arises from a breach of contract action which was commenced when plaintiff obtained an ex parte order of attachment against defendants in May 1985. Plaintiff moved by order to show cause to confirm the attachment and defendants cross-moved for an order vacating the attachment and, pursuant to CPLR 6212 (b) and (e), sought all costs and damages caused by the attachment, including counsel fees. Supreme Court vacated the attachment against the property of defendant Roy Wolfe and defendant Classic Pontiac-Cadillac-Buick, Inc. (hereinafter Classic). The amount of the attachment against the property of defendant Arthur Picon was reduced from $100,000 to $20,000. The question of defendants'

cross motion for costs and damages was deferred until the trial or an earlier determination on the merits. Thereafter, upon motion by defendants, Supreme Court dismissed, with prejudice, the majority of the causes of action in the complaint against Classic and Picon (hereinafter collectively referred to as defendants). The complaint against Wolfe was dismissed in its entirety with plaintiff's consent.

Subsequently, defendants moved for an award of costs, damages and counsel fees allegedly accrued by them as a result of attachment. Prior to the conclusion of the hearing on this motion, the parties entered into a stipulation on the record agreeing that the amount of counsel fees, costs and damages to be recovered from plaintiff was to be set at $10,000. At the conclusion of the hearing, plaintiff's counsel argued that execution of the judgment should be stayed. Defendants' counsel argued for immediate payment in accordance with CPLR 6212 (e). Supreme Court directed each side to submit a proposed order and judgment and notice of settlement advancing their respective positions. The court ultimately decided in favor of defendants and ordered the $10,000 judgment to be entered immediately. Plaintiff did not appeal the order and judgment but chose rather to move to resettle it. This motion was denied and this appeal followed.

This appeal must be dismissed. In general, an appeal does not lie from the denial of a motion to resettle (*Chyrywaty v Chyrywaty*, 102 AD2d 1009, 1010; *see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, at 158). Plaintiff argues, however, that the motion was mislabeled as one for resettlement and was actually a motion for a stay of execution despite the fact that plaintiff failed to file for a stay of execution under CPLR 2201. In our view, plaintiff was correct in noting that his motion was not one to resettle since it did not seek to correct any error or omission as to form (*see*, *Foley v Roche*, 68 AD2d 558, 567). We are unpersuaded, however, that plaintiff's motion was anything but a motion to reargue in light of the fact that it sought to establish that Supreme Court misapprehended the law in granting defendants execution of the judgment forthwith (*see*, *supra*). The law is clear that motions for reargument are not appealable since to hold otherwise would permit circumvention of the time limits for taking appeals (*Cross v Cross*, 112 AD2d 62, 64; *see*, *Fahey v County of Nassau*, 111 AD2d 214). Here, plaintiff was restricted to an appeal of the original order and judgment (*see*, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.23), a course plaintiff did not pursue. Finally,

we note only that were this appeal properly before us, we would affirm on the basis that Supreme Court's disposition was in full compliance with CPLR 6212 (e).

Appeal dismissed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.