In the Matter of IRVING HOCHBERG et al., Petitioners, v WILLIAM J. DAVIS, as Justice of the Supreme Court of the State of New York, New York County, Respondent.

First Department, October 24, 1991

## APPEARANCES OF COUNSEL

*Ian Anderson* for petitioners.

*Abigail I. Petersen* of counsel *(Robert Abrams, Attorney-General,* attorney), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J. P.

The petitioners instituted this CPLR article 78 proceeding to prohibit the respondent Justice from participating in the underlying case, to direct the assignment of another Justice to the matter, to rescind his Motion Calendar rules conditioning the making of written motions on prior judicial consent and to direct the respondent Justice to restore the petitioners' motion for reargument to the calendar.

The petitioners' underlying action for libel was dismissed by the respondent Supreme Court Justice. The petitioners thereafter sought to reargue and, pursuant to a notice contained in the "Information Sheet" for Part 3 of Supreme Court, New York County, in which the respondent Supreme Court Justice notified counsel that prior permission for motions must be obtained, requested permission to file their motion to reargue in a letter addressed to Chambers. After attempts to obtain a response to their request for permission to file the motion were unavailing, the petitioners nonetheless filed the motion with the court.

■ By order dated May 10, 1991, the respondent Supreme Court Justice denied the petitioners' motion to reargue on the ground that they were not granted prior permission to proceed with the motion in accordance with his part's rules. In addition, however, the respondent reached the merits of the motion, finding no basis warranting reargument of the prior decision dismissing the action. There is no appeal from the denial of a motion to reargue *(Cross v Cross,* 112 AD2d 62; *Sturgis v Wolfe,* 148 AD2d 770).

■ Since the underlying action has been assigned to another Judge, that portion of the petition which seeks to prohibit the respondent Justice from further participation in this matter and to direct the assignment of another Justice is moot. Nevertheless, we find it necessary to address that portion of the May 10, 1991 order in which the Supreme Court Justice denied reargument for failure of the petitioners to proceed with his part's rule *[sic]* conditioning the making of motions on prior approval of the court.

In *Matter of Grisi v Shainswit* (119 AD2d 418) we expressed our concern over the unavailability of a record where the refusal to allow the motion is oral and, in some instances, not even followed by a written order, since this practice tends to frustrate a litigant's statutory right to appeal from an intermediate order (CPLR 5701 [a] [2]). We also noted *(supra,* at 422) that "[a] party cannot be deprived of his right to be heard on a substantive matter not involving a trial ruling by the simple expedient of denying him the right to make a written motion or a record, thereby foreclosing the opportunity for appellate review". Apparently, this practice continues to be employed in Supreme Court, New York County, despite our previous admonition as to its dangers *(Matter of Grisi v Shainswit, supra).*

■ Of course, it is undisputed that courts have an inherent power over the control of their calendars and the disposition of business before them *(Plachte v Bancroft Inc.,* 3 AD2d 437). This power is necessary to regulate the proceedings, promote and foster order and decorum and to further the administration of justice *(People v Jelke,* 308 NY 56; *Matter of Goldberg v Extraordinary Special Grand Juries,* 69 AD2d 1, *lv denied* 48 NY2d 608).

The Individual Assignment System "provides for the continuous supervision of each action and proceeding by a single judge" (22 NYCRR 202.3 [a]). Although we are aware of " 'the

crushing volume of motions * * * with which a Justice presiding over a civil part under the individual assignment system is confronted' " *(Double A Limousine Serv. v New York, N. Y. Limousine Serv.,* 130 AD2d 403, 404, quoting *Matter of Grisi v Shainswit, supra,* at 421), we nonetheless must again caution the courts to ensure that the fundamental rights to which a litigant is entitled are not ignored, " 'no matter how pressing the need for the expedition of cases' ". *(Supra,* at 404.) As noted by Professor Siegel: "As to who may move for what, there is one grand rule of thumb: any order the court can make, an interested party may move for" (Siegel, NY Prac § 243, at 299).

Even though the practice of conditioning the making of motions on prior judicial approval may, in some instances, discourage the filing of frivolous motions, it may also prevent a party from exercising the option to move for relief to which he or she may be entitled. "A judge shall accord to every person who is legally interested in a matter, or his or her lawyer, full right to be heard according to law" (22 NYCRR 100.3 [a] [4]). Conditioning motion practice on prior approval from the court may also run afoul of certain statutory provisions such as CPLR 3212 (a) which authorizes any party to move for summary judgment in any action, after issue has been joined. Denying a party permission to engage in motion practice hinders the performance of counsel who are encouraged and, in fact, are required to be zealous in their representation of their clients (Code of Professional Responsibility EC 7-1). Any inclination on the part of counsel to file frivolous motions may be discouraged by the court's authority to impose sanctions.

We would further note, that to the extent that the "Information Sheets" of the various parts of the Supreme Court are viewed or enforced as "rules", they are not in compliance with 22 NYCRR 202.1 (c), since they were not filed with the Chief Administrator of the Courts, in accordance with 22 NYCRR 9.1.

Accordingly, that portion of the application, pursuant to CPLR article 78, to prohibit the respondent from acting further in his judicial capacity in the case of *Irving Hochberg v Elaine Nissen* and to direct the Administrative Judge of the Supreme Court to assign another Justice of the Supreme Court to handle any further proceedings in the matter should be denied as moot; that portion which, alternatively, seeks to direct the respondent to rescind his Motion Calendar rules for

Part 3 of the Supreme Court, New York County, conditioning the making of written motions on prior judicial consent should be granted; that portion of the petition which seeks to direct him to restore the petitioners' motion to reargue, on the merits, following the parties' submission of papers, should be denied and the cross motion to dismiss the proceeding should be granted only to the extent indicated above, without costs.

ELLERIN, WALLACH, KASSAL and RUBIN, JJ., concur.

That portion of the application, pursuant to CPLR article 78, to prohibit the respondent from acting further in his judicial capacity in the case of *Irving Hochberg v Elaine Nissen* and to direct the Administrative Judge of the Supreme Court to assign another Justice of the Supreme Court to handle any further proceedings in the matter is denied as moot; that portion which, alternatively, seeks to direct the respondent to rescind his Motion Calendar rules for Part 3 of the Supreme Court, New York County, conditioning the making of written motions on prior judicial consent is granted; that portion of the petition which seeks to direct him to restore the petitioners' motion to reargue, on the merits, following the parties' submission of papers, is denied and the cross motion to dismiss the proceeding is granted only to the extent indicated above, without costs. [*See,* — AD2d —, Oct. 24, 1991.]