(September 24, 1992)

■ AMIANTITE, S.P.A., et al., Appellants, v ALBERT TAWFIK et
al., Respondents, et al., Additional Counterclaim Defendants.
—Order, Supreme Court, New York County (William J. Davis,
J.), entered June 19, 1991, denying plaintiffs' application to
file a motion to vacate a default judgment, which had dis-
missed their amended complaint and granted judgment (also
appealed herein) on the counterclaims, entered February 15,
1991 in the amount of $1,596,162.36, unanimously reversed,
on the law, execution of the judgment is stayed, and plaintiffs
are granted leave to move for vacatur of the default, without
costs.

When prior counsel refused to turn over the case file to
successor counsel in a fee dispute with plaintiffs, and the trial
court refused a postponement, new counsel withdrew and
plaintiffs were unable to meet the scheduled trial date. De-
fault was entered on the call of that calendar, because the
non-English speaking individual plaintiffs were in Italy at the
time—one of them unable to travel due to a health problem.
Plaintiffs claim they never received notice of the inquest
ordered on the counterclaims. Plaintiffs were precluded from
appeal as of right because of the default (CPLR 5511).

The trial court erred in conditioning plaintiffs' motion to
vacate default on prior judicial approval for making such a
motion (Matter of Hochberg v Davis, 171 AD2d 192, amended
on rearg 179 AD2d 372). The court held a hearing and denied
the application in a written order (cf., Matter of Grisi v
Shainswit, 119 AD2d 418), ruling that present counsel had
failed to offer any excuse for default or any meritorious
defense to the counterclaims. We note from the affidavit in
support of plaintiffs' rejected motion, contained in the record,

that plaintiffs did indeed proffer an excuse for the default and a purportedly meritorious defense. These should have been considered by the court. Concur—Murphy, P. J., Carro, Milonas and Wallach, JJ.