■ BETH SAUNDERS, Respondent, v CENTRAL BROOKLYN COORDINATING COUNCIL, INC., Appellant, et al., Defendant. [708 NYS2d 709] —In an action to recover damages for personal injuries, the defendant Central Brooklyn Coordinating Council, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated September 22, 1999, as denied its motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured in an automobile accident on May 16, 1996. Some time in 1996, the plaintiff served the

appellant with a summons and complaint dated July 11, 1996. However, the plaintiff did not purchase an index number and file the summons and complaint until April 16, 1999. The plaintiff subsequently served the appellant with a summons and the complaint dated July 11, 1996, on or about May 19, 1999.

The appellant moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff had failed to "take proceedings for the entry of judgment within one year after" the appellant's purported default in 1996. However, pursuant to CPLR 304 and CPLR 306-a, in order to commence an action, a plaintiff must file the summons and complaint with the clerk of the court in the county in which the action is pending and purchase an index number. Accordingly, since the plaintiff's mere service of the summons and complaint in 1996 did not commence an action against the appellant, the appellant did not default in 1996 (*see, Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542). Therefore, the Supreme Court correctly denied the appellant's motion to dismiss pursuant to CPLR 3215 (c).

The appellant's remaining contention is without merit. Ritter, J. P., Sullivan, Luciano and H. Miller, JJ., concur.