■ KYY Taxi Inc. et al., Petitioners, v Frances Soekawa et al., Respondents. [718 NYS2d 47] —Cross motion by respondent Supreme Court Justice to dismiss a CPLR article 78 proceeding seeking to prohibit him from conducting an inquest in an underlying personal injury action, on written submissions alone, pursuant to the "Special Rules on Submission of Inquests, Justice Richard B. Lowe, IAS Part 22," and to compel respondent Justice to place such underlying action on his trial calendar in accordance with the note of issue filed therein by respondent, as plaintiff in the underlying action, demanding a jury trial, unanimously denied, without costs, and respondent Justice directed to serve an answer in accordance with CPLR 7804 (f) within 10 days of service of a copy of this order.

Petitioners challenge respondent Justice's "Special Rules on Submission of Inquests" as exceeding his authority under CPLR 3215 (b) insofar as they provide for determination of inquests without a hearing on the basis of paper submissions alone (CPLR 506 [b] [1]; *cf., Matter of Hochberg v Davis,* 171 AD2d 192). Respondent Justice moves to dismiss the proceeding as moot, representing that the challenged rules do not apply in cases such as this where a jury has been demanded, and that the notice advising the parties of such rules was therefore sent to them by mistake and has been withdrawn. While such circumstances would indeed render the proceeding moot (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714), petitioners appropriately object that the existence of such circumstances is affirmed only by respondent Justice's attorney, who has no personal knowledge thereof and who submits no documentary evidence. We agree that such hearsay allegations do not warrant dismissal at this time, particularly in view of petitioners' attorney's representations that when he and respondent-plaintiff's attorney appeared before respondent Justice and requested an adjournment of the inquest pending determination of the instant article 78, respondent Justice advised them that he could not proceed as the case had been stayed by the Appellate Division, but "did not indicate that this case would be handled by a jury." We note that the interim stay previously granted by this Court prohibits only an inquest on papers and does not prohibit respondent Justice from restoring the case to the trial calendar for an inquest by jury. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.