■ MELISSA SOTO, Appellant, v CLERK OF THE SUPREME COURT OF NEW YORK COUNTY, Respondent. NEW YORK PRESBYTERIAN HOSPITAL, Intervenor-Respondent. [753 NYS2d 356] —Appeal from order, Supreme Court, New York County (Robert Lippmann, J.), entered May 23, 2001, which, in a CPLR article 78 proceeding to compel respondent Clerk of the Supreme Court to file petitioner's summons and complaint in an underlying medical malpractice action nunc pro tunc as of the day that petitioner's attempt to file such summons and complaint was rejected by the Clerk, granted nonparty hospital's motion to dismiss the petition as time-barred, unanimously dismissed as abandoned, without costs. Appeal from order, same court and Justice, also entered May 23, 2001, which denied petitioner's article 78 application and dismissed the petition, unanimously modified, on the law, to deny the application as academic, and otherwise affirmed, without costs. Appeal from order, same court and

Justice, entered November 20, 2001, which denied petitioner's motion to reargue, unanimously dismissed as taken from a nonappealable order, without costs.

On appeal, petitioner abandons her argument that the four-month limitations period was tolled by her attorney's letter to the Clerk requesting him to reconsider his decision not to backdate the filing of the summons and complaint, and concedes that the proceeding is time-barred. Accordingly, petitioner's appeal from the order dismissing the proceeding as time-barred should be dismissed. Since a dismissal on statute of limitations grounds is "equivalent to a final disposition on the merits" (*Matter of Pelt v Police Dept.*, 258 AD2d 382, 382), the merits of the application are academic. Accordingly, we modify the order that denied the application and dismissed the petition so as to make clear that no findings have been made as to whether the Clerk's rejection of petitioner's first attempt at filing was arbitrary and capricious, or whether the filing that was made on July 3, 2000 should for other reasons be deemed made on June 30, 2000. We note the pending motion by the defendants in the medical malpractice action to dismiss the complaint therein as barred by the statute of limitations. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.