*624 OPINION OF THE COURT
Stanley L. Sklar, J.
The novel issue raised on these applications is whether a plaintiff has commenced an action when plaintiff’s counsel, on the last day within the statute of limitations, sends an elderly employee to court to file a summons and complaint, together with the necessary filing fee, but the filing is rejected by the county clerk because the employee’s poor vision prevented him from completing a form required by that office. I hold that the attempted filing under such extraordinary circumstances effectuated timely filing when the actual physical filing was accomplished on the next business day.
The plaintiff’s version of the events on Friday, June 30, 2000, is uncontested by defendants and is therefore accepted. Plaintiff’s attorney at about 4:15 p.m. sent Mr. Marino, an elderly messenger used by various attorneys on the same floor as his office, to the office of the New York County Clerk to file the summons and complaint in this action. He had the requisite payment in hand by check and in cash, as well as a completed application for index number form. He arrived at the clerk’s office at about 4:40 p.m. Counsel had told Mr. Marino that it was essential to file the summons and complaint that day. However, a cashier rejected the attempted filing because although Mr.
Marino had all of the other necessary papers and funds required for filing, he did not complete and submit an index purchase cover sheet form. Mr. Marino told the cashier of the clerk’s office that it was essential to file the summons and complaint that day. He also advised that he could not see too well and could not read the print on the index purchase cover sheet form. He asked for help to complete the form, but the cashier refused to help him. He asked another person, “apparently a manager or supervisor,” for help but he also refused since it was eight minutes to five and he was closing the office. Because of the hour, there was not enough time for him to return to plaintiff’s counsel’s office to have someone else complete the form and return to the clerk’s office before it closed. Counsel had used Mr. Marino’s services previously to successfully complete filing assignments in other cases. Counsel personally went to the clerk’s office at 9:00 a.m. on the next business day, July 3, 2000, explained to the deputy clerk what had transpired and requested filing as of June 30. His request was denied. Thereafter he went to the cashier’s office and filed the summons and complaint, the application for index number and the index purchase cover sheet form. Both defense counsel *625 effectively conceded at oral argument that the index purchase cover sheet form is not mandated by the CPLR or other statute or written rule, but rather is required by the county clerk’s office. They urged that other county clerks’ offices within New York City require the completion of an index purchase cover sheet but they honorably conceded that their forms differ from the New York County form. They had no knowledge as to whether any similar form is required in any county outside of New York City.
Plaintiff started a CPLR article 78 proceeding to compel the county clerk to deem the summons and complaint filed as of June 30. Justice Robert Lippman denied the application in three orders: (1) dismissing the proceeding; (2) dismissing the proceeding as not timely filed; and (3) denying plaintiff-petitioner’s motion for reargument. Plaintiff appealed from those decisions. The First Department’s decision, Soto v Clerk of Supreme Ct. of N.Y. County (299 AD2d 155 [2002]), dismissed as abandoned the appeal from the dismissal of the special proceeding as time-barred (plaintiff-petitioner conceded that the article 78 proceeding was filed late). It dismissed the appeal from the order denying the article 78 proceeding dismissing the petition as academic. Finally, it dismissed the appeal from the denial of reargument as nonappealable. The First Department noted that “we * * * make clear that no findings have been made as to whether the Clerk’s rejection of petitioner’s first attempt at filing was arbitrary and capricious, or whether the filing that was made on July 3, 2000 should for other reasons be deemed made on June 30, 2000. We note the pending motion by the defendants in the medical malpractice action to dismiss the complaint therein as barred by the statute of limitations.” (Id. at 156.)
The instant bundle of motions contains three main motions and one “cross motion,” which I consolidate for decision. First, defendant Dr. Freda moved to dismiss for failure to effect proper service upon him. Second, the hospital moved to dismiss on the ground that this action was not timely commenced. Defendant Dr. Freda thereafter “cross-moved” to dismiss on the same ground (see CPLR 2215). Third, plaintiff moved by order to show cause for an order permitting her to supplement her papers in opposition and also to extend plaintiff’s time to serve Dr. Freda in the event that I find that service had not been properly effected upon him, together with such other and further relief as may be just.
*626 Discussion
The First Department defined the principal issue on these applications: “whether the Clerk’s rejection of [plaintiffs] * * * first attempt at filing was arbitrary and capricious, or whether the filing that was made on July 3, 2000 should for other reasons be deemed made on June 30, 2000.” The parties indeed agree that the timeliness of this action depends on the answer to that question.
Defendants first urge that plaintiffs motion for leave to submit additional papers should be denied because such submission would be belated and long after submission of the two motions to dismiss in the motion submission part. However, the two motions were not fully submitted to me until the conclusion of oral argument. More importantly, the additional papers principally bring case law to my attention. At oral argument I indicated that if the two motions were submitted without the benefit of plaintiffs desired submission, my own research might very well unearth the same cases. I prefer to have the benefit of counsel’s research. Morever, defendants conceded that they have- had a full opportunity to study the newly cited cases and lengthy papers have been submitted contesting the position set forth in plaintiffs additional papers. Mr. Marino’s affidavit included in plaintiffs additional submission did not evoke any protest by defense counsel. Plaintiffs application is granted and I have accepted her additional papers as well as the responding papers so that the record before me is now complete.
Defendants next urge that the county clerk was correct in rejecting plaintiffs first attempted filing because although the index purchase cover sheet form is not mandated by the CPLR or by the Uniform Rules for Trial Courts, in order for a court system to properly function and process the massive volume of cases that it has, an administrative rule mandating the form is valid and should be honored by me.
The governing statutory provision here is CPLR 304 which, at the time of the attempted filing stated in part:
“An action is commenced by filing a summons and complaint or summons with notice * * * For purposes of this section, and for purposes of section two hundred three of this chapter and section three hundred six-a of this article, filing shall mean the delivery of the summons with notice, summons and complaint, notice of petition or order to show cause to the clerk of the court in the county in which the *627 action or special proceeding is brought or any other person designated by the clerk of the court for that purpose together with any fee required as specified by rule twenty-one hundred two of this chapter for filing * * * At the time of filing, the filed papers shall be date stamped by the clerk of the court who shall file them and maintain a record of the date of the filing and who shall return forthwith a date stamped copy, together with an index number, to the filing party.”
The hospital argues that absent the timely purchase of an index number, an action is not commenced, relying on the plain meaning of section 304 and the decisions in Gershel v Porr (89 NY2d 327 [1996]), Matter of Vetrone v Mackin (216 AD2d 839 [1995]) and Saunders v Central Brooklyn Coordinating Council (273 AD2d 294 [2000]). However, those three cases involved the plaintiff or petitioner either totally ignoring the requirement of filing the summons or notice of petition and petition or ignoring the requirement for a substantial period of time. Here an effort was made to timely file the summons and complaint and they were in fact filed on the next business day after that effort.
One defendant argued by analogy that if the plaintiff’s lawyer did not have the requisite fee to purchase the index number (and was not proceeding in forma pauperis), the index number could not be purchased, and therefore the action could not be commenced. The analogy is imperfect because the index number fee is mandated by CPLR 306-a and 8018 (a).
Defense counsel also urged that the form is jurisdictional because although not required by the CPLR, it is consistent with it and nothing to the contrary is mandated by statute. Thus, they argue, this action differs from Matter of Hochberg v Davis (171 AD2d 192 [1991]), where the First Department granted an application requiring the respondent Justice to rescind a portion of his motion calendar rules for his IAS part which conditioned the making of motions on prior judicial approval. Defendants argue that the Justice’s rules were held to be contrary to the CPLR, but that the CPLR does not prohibit the county clerk’s requirement of an index cover purchase sheet form. Defendants are correct that Matter of Hochberg indicated that prohibiting the making of motions without prior judicial consent does run afoul of certain statutory provisions, such as CPLR 3212 which permits the filing of a motion for summary judgment in any action after the joinder of issue. But *628 the decision does not hold that a rule promulgated by even a Justice of this court is necessarily valid simply because it does not contravene a specific statutory provision.
County clerks are surely free to establish informal rules designed to aid their offices and litigants administratively. One might imagine, for example, that a machine that dispenses numbered tickets could be used to establish priority in line. However, here we are dealing with the New York County Clerk’s office issuing a “Supreme Court, Civil Branch, New York County, index purchase cover sheet” form in addition to the index purchase form. Defense counsel have conceded that different “Index Purchase Cover Sheet” forms are used by other county clerks in New York City and that, for all they know, there may be county clerks’ offices outside of New York City which do not require the completion of any similar form. The index purchase cover sheet form manifestly makes it easier for the clerk’s office to administratively assign the action or proceeding to an appropriate part in the court. In some counties in which only one justice presides, one can assume that no such form is used because it would be of no assistance to the county clerk in assigning the action or proceeding. Defense counsel said at oral argument that if an upstate county clerk did not use a similar form, that would be “their prerogative.” Nonetheless, the differences among the New York City forms and the likely absence of any such form in some counties strongly suggest that failure to complete the index purchase cover sheet form is not a jurisdictional defect.
Although not finding any case directly on point, plaintiff relies upon six decisions to support her position. Two simply held that in an RPTL proceeding the failure (at least before the four-year time limit to calendar the proceeding mandated by RPTL 718) to file an RJI (request for judicial intervention) form is not jurisdictional and does not permit dismissal. (Matter of Caldor v Board of Assessors of Town of Colonie, 142 AD2d 57 [1988]; Matter of City of Albany v Department of Assessment, 139 Misc 2d 401 [1988].) In Matter of Buonocore v Village of S. Nyack (238 AD2d 336 [1997]), petitioner filed a notice of petition and petition and purchased an index number. The Court held that the clerk’s failure to require the concomitant filing of an RJI as mandated by 22 NYCRR 202.6 (a) was not jurisdictional, the clerk’s error should not be held against petitioner and since the notice of petition and petition were timely filed, the proceeding could be maintained. In similar fashion plaintiff relies on the language in Davis v Bollweg *629 (249 AD2d 972, 973 [1998]) that “the initial timely presentation to the County Clerk met the filing requirement of CPLR former 306-b (a).” However, there the county clerk simply failed to retain original affidavits.
On the other hand, Matter of Schwarz v S & S Auto Repair Ctr. (216 AD2d 473 [1995]), the closest decision to this case, does hold that a special proceeding pursuant to CPLR 5241 “was properly commenced by the petitioner purchasing an index number, filing a request for judicial intervention, and attempting to file the notice of petition with the Nassau County Clerk pursuant to CPLR 304. Contrary to the appellants’ contention there is no requirement that the petition in a proceeding under CPLR 5241 be verified.” The Fourth Department’s decision in Kubiszyn v Terex Div. of Terex Corp. (201 AD2d 974 [1994]) is also persuasive. The Fourth Department granted a motion to extend time to file a notice of appeal because although appellant timely served a notice of appeal, its attempt to file the notice was rejected by the county clerk since no preargument statement was included. “The County Clerk erred in rejecting the notice of appeal inasmuch as the filing of a preargument statement is not a jurisdictional prerequisite to taking an appeal (see, CPLR 5513, 5514 [c]), and the penalty for failure to file a preargument statement is left to the discretion of this Court (22 NYCRR 1000.12 [h])” (at 974). The Court held that the failure to file even a form required by an officially promulgated rule is not jurisdictional. It follows a fortiori that the index purchase cover sheet form utilized by the New York County Clerk, which he is presumptively free to change from time to time, which differs from those utilized by other county clerks in New York City and which is likely not utilized at all by some upstate county clerks does not rise to a jurisdictional level. All of the cases cited by plaintiff, whether close to being on point or not, stand for the notion, basic to our modern jurisprudence, that cases should be decided on the merits and not whether someone has completed a nonjurisdictional form. The thrust of Maitland’s dictum that the forms of action are dead but they rule us from their grave does not extend to extinguishing a possibly valid action because a messenger with poor eyesight cannot fill in an “extra” form, no matter how helpful the form may be to the county clerk in appropriately assigning an action or special proceeding to an appropriate part of this court.
This determination is not intended to condone the plaintiff attorney’s action in waiting until late on the last day or not go *630 ing down to the county clerk’s office himself. However, his client is not to be deprived of her day in court simply because counsel failed to comply with a nonjurisdictional requirement. My determination in this action should not be taken as a license by those purchasing index numbers not to complete the index purchase cover sheet. Apart from the possibility of reversal of this decision, counsel should cooperate in completing that form which is of obvious great administrative assistance to the county clerk’s office in having actions and proceedings assigned to appropriate parts in this court.
I hold that the summons and complaint filed on July 3, 2000 are deemed filed nunc pro tunc as of June 30, 2000, and that accordingly the motion and the cross motion to dismiss the action as barred by the statute of limitations are denied.
Turning to the third motion, seeking dismissal as to Dr. Freda on the ground of failure to effect proper service, counsel agreed at oral that if I were to hold that the summons and complaint were timely filed, I should direct the holding of a traverse of service. I so direct. However, plaintiff’s order to show cause also requested that I extend plaintiff’s time to effect service on Dr. Freda. I extend plaintiff’s time to serve Dr. Freda until 120 days after service of a copy of the order to be settled hereon with notice of entry, or in the event that Dr. Freda is now deceased (the court noted an obituary of a Dr. Freda), until 120 days after appointment of a fiduciary for his estate. If Dr. Freda is deceased and a fiduciary has not been appointed and is not appointed by the date of the conference scheduled herein, the court will consider appointment of a partner of defense counsel’s firm to act as fiduciary solely for purposes of this action on condition that plaintiff agrees to limit any recovery against the estate to the amount of insurance available.