Harvey v Miller Ave. Group, LLC (2025 NY Slip Op 51154(U))

[*1]

Harvey v Miller Ave. Group, LLC

2025 NY Slip Op 51154(U)

Decided on June 27, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., CHEREÉ A. BUGGS, JOANNE D. QUIÑONES, JJ

2024-1043 K C

Lena Harvey, Manta Jean-Baptiste, Jasmine Kitchen and Steven Slowe, Petitioners,
against
Miller Avenue Group, LLC and Aaron Nathans, Respondents, 
 New York City Department of Housing Preservation and Development, Appellant. 

Corporation Counsel-City of NY Law Department (Amy McCamphill and Jeremy W. Shweder of counsel), for appellant.
Christopher Schmitt, for petitioners.
Joseph A. Fazio, for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Weisberg, J.), dated June 19, 2024. The order denied, for lack of standing, a motion by the New York City Department of Housing Preservation and Development to hold respondents, Miller Avenue Group, LLC and Aaron Nathans, in civil and criminal contempt, and to assess civil penalties against them in an HP proceeding.

ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a determination on the merits of the motion by the New York City Department of Housing Preservation and Development to hold Miller Avenue Group, LLC and Aaron Nathans in civil and criminal contempt, and to assess civil penalties against them.
After a fire in tenants' building led the New York City Department of Buildings to issue a vacate order, tenants commenced this Housing Part (HP) proceeding pursuant to Administrative Code of the City of New York § 27-2115 (h) and (i) against owner Miller Avenue Group, LLC and its officer Aaron Nathans (respondents), naming the New York City Department of Housing Preservation and Development (HPD) as a co-respondent (see CCA 110 [d]), seeking correction of violations and to be restored to their respective units. HPD moved to hold respondents in civil and criminal contempt, and to assess civil penalties against them. By order dated June 19, 2024, the Civil Court (Michael Weisberg, J.) denied the motion on the ground that HPD was a "nominal party" in this tenant-initiated proceeding and, as such, lacked standing to make this motion.
As a general rule, a party's "right to be heard on a substantive matter" via motion should not be impeded (Matter of Hochberg v Davis, 171 AD2d 192, 194 [1991], quoting Matter of [*2]Grisi v Shainswit, 119 AD2d 418, 422 [1986]). " 'As to who may move for what, there is one grand rule of thumb: any order the court can make, an interested party may move for' " (id. at 195, quoting Siegel, New York Practice, § 243, p. 299). Here, HPD was properly named as a party to the proceeding pursuant to CCA 110 (d), and is clearly an "interested party" as it holds the primary responsibility for enforcing the Housing Maintenance Code (see NY City Charter § 1802 [1]; CCA 110 [c]; Department of Hous. Preserv. & Dev. of City of NY v Rosenfeld, 84 Misc 3d 38 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Although this proceeding was initiated by tenants, "[a]n HP proceeding transcends an individual landlord-tenant dispute, and is part of a broad statutory enforcement mechanism where both the Housing Part of the Civil Court and the New York City Department of Housing Preservation and Development . . . are charged with the responsibility of enforcing the broad public interest in maintaining housing standards under the Multiple Dwelling Law and the Housing Maintenance Code" (D'Agostino v Forty-Three E. Equities Corp., 16 Misc 3d 59, 60-61 [App Term, 1st Dept 2007] [citations omitted]). Consequently, HPD has standing to make the subject motion.
Accordingly, the order is reversed, and the matter is remitted to the Civil Court for a determination on the merits of the motion by HPD to hold respondents in civil and criminal contempt, and to assess civil penalties against them.
MUNDY, J.P., BUGGS and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 27, 2025