| **Dhansingh v Hager** |
|:---:|
| 2026 NY Slip Op 31108(U) |
| March 27, 2026 |
| Civil Court of the City of New York, Kings County |
| Docket Number: Index No. L&T 324270-25 |
| Judge: Logan J. Schiff |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART B
-----------------------------------------------------------------X
SURUJNARIN DHANSINGH,

                               Index No. L&T 324270-25

                    Petitioner,

        -against-                        **DECISION/ORDER**

JACOB HAGER, et al.

                   Respondents.
-----------------------------------------------------------------X

Present:       Hon. <u>Logan J. Schiff</u>
                Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of Petitioner's motion to join the Department of Buildings as a nominal respondent and file and serve the proposed amended petition (mot. seq. 1): NYSCEF 14-22, 25-26.

The court's decision and order is as follows:

Inasmuch as the instant HP proceeding seeks correction of a Department of Buildings' (DOB) violation related to elevator service, a housing quality condition that DOB is charged with enforcement of under the Multiple Dwelling Law (MDL) and the New York City Administrative Code (*see* NYC Admin Code § 28-304.1 et seq.; 1 RCNY §§ 11-02, 103-02), the court finds it appropriate to grant amendment of the Petition to join DOB as a nominal Respondent.

Housing court is vested with broad jurisdiction to enforce state and local laws related to housing quality standards, including "the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York" via "[p]roceedings for the issuance of injunctions and restraining orders or other orders for the enforcement of housing standards under such laws" (Civil Court Act § 110[a][4]). Thus, a tenant-initiated HP proceeding implicates not only the enforcement of violations under the Housing Maintenance Code, over which statutory co-Respondent Department of Housing Preservation and Development (HPD) is vested with primary responsibility for enforcement, but also violations of the MDL and local laws pertaining to housing standards that are the responsibility of DOB (*see D'Agostino v Forty-Three E. Equities Corp*., 16 Misc 3d 59, 60-61 [App Term, 1st Dept 2007]; *Eydent v Vickers Management*, 150 AD 2d [1st Dept 1989]). In such a proceeding, the court may "may join any other person or city department as a party in order to effectuate proper housing maintenance standards and to promote the public interest" (Civil Court Act § 110[d]) and may "recommend or employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards, if it believes they will be more effective to accomplish compliance or to protect and promote the public interest" (Civil Court Act § 110[c]).

1

Here, given DOB's specialized role in enforcing regulations related to elevator maintenance, the court finds that joining it as a nominal respondent will promote the public interest, as DOB may be able to lend its knowledge and expertise to co-Respondent HPD, thereby furthering HPD's statutory role in an HP proceeding of "enforcing the broad public interest in maintaining housing standards under the Multiple Dwelling Law and the Housing Maintenance Code" (*Harvey v Miller*, 2025 NY Slip Op 51154 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2025] [quoting *D'Agostino v Forty-Three E. Equities Corp* at 60-61]).

Accordingly, Petitioner's motion to join DOB and interpose the proposed amended petition is granted. The amended petition is deemed filed and served on Respondent-owner and HPD. Petitioner is directed to serve a supplemental notice of petition and the amended petition on DOB in the manner prescribed in CPLR 403(c) by April 15, 2026. The proceeding is hereby adjourned to May 5, 2026, at 930am.

This is the decision and order of the court.

Dated:     March 27, 2026
              Brooklyn, New York          HON. LOGAN J. SCHIFF, J.H.C.

APPROVED
lschiff , 3/27/2026, 9:23:10 AM

2