■ In the Matter of MARIE PEART, Appellant, v. T. D. BROSS LINE CONSTRUCTION Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 8, 1973 which disallowed a claim for death benefits under the Workmen's Compensation Law. The death of appellant's husband resulted from an accident causally related to his employment. Benefits were denied solely on the ground she is not the widow of the deceased. Admittedly, there was never a ceremonial marriage between these parties. They had lived together continuously since 1951 in various places, and both were legally free to marry after May 9, 1956. Appellant's claim for widow's benefits is wholly dependent upon proof of a common-law marriage in Pennsylvania in September, 1958. The record reveals that appellant and her husband visited an old friend at Camp Hill, Pennsylvania, in September, 1958 to discuss a possible business arrangement between them. They stayed at their friend's home three or four days, cohabited together, conducted and held themselves out generally as husband and wife to their hosts and to others they had occasion to meet. They continued to live together for the remainder of decedent's lifetime, and it is clear they considered themselves to be husband and wife. If there was a valid common-law marriage in Pennsylvania, it will be recognized as valid in New York and appellant will be entitled to benefits (*Matter of Lieblein* v. *Charles Chips, Inc.*, 32 A D 2d 1016, affd. 28 N Y 2d 869). In order to establish a common-law marriage in Pennsylvania, however, there must be evidence of a verbal expression of an intention to be married exchanged by the parties, though not necessarily in a public formal ceremony, followed by cohabitation and acknowledgment; in other words, the existence of a marriage *per verba de praesenti* must be shown (*Donaldson* v. *Oesterling & Sons*, 28 Pa. D. & C. 2d 583, affd. 199 Pa. Super. Ct. 637). Cohabitation, reputation, and acknowledgment without the spoken words evidencing a present honest intent to be married will not suffice (*Sullivan* v. *American Bridge Co.*, 21 Pa. D. & C. 362). In the absence of the required quantum of proof to establish a valid common-law marriage under the law of Pennsylvania, we are compelled to accept the board's finding that appellant is not the legal widow of decedent (*Matter of Helmer* v. *Savin Bros.*, 38 A D 2d 641). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.