■ In the Matter of the Claim of Aviva L. Merritt, Respondent v Chevrolet Tonawanda Division, General Motors Corporation, Appellant. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board filed June 7, 1974. The sole issue to be resolved upon this appeal is whether this claimant is the lawful surviving spouse of Robert L. Merritt, deceased. Decedent died as a result of a work related accident on January 20, 1971. At the time of his death, he was living with claimant and, although no ceremonial marriage had been performed, they had obtained a marriage license on May 14, 1965 in Buffalo, New York, but returned it to the city clerk on November 3, 1965 unused. It appears from the record that they lived together as man and wife in New York State from June 18, 1965 until the time of decedent's death, but that during this period each maintained some indicia of unmarried status such as not changing the beneficiary on their respective life insurance policies and filing separate tax returns on a number of occasions. Claimant maintained her maiden name on her social security registration and voted each year as a single woman. Additionally, upon claimant's application to change her name subsequent to decedent's death she alleged in her petition that she was a single woman never married. It is her contention, however, that a valid common-law marriage existed between herself and decedent resulting from transitory social visits to Ohio in 1968 and 1969, when they stayed overnight with friends who believed them to be married based upon information provided by claimant some years prior to 1968. In order to resolve this issue we must look to the law of Ohio. Although the State of New York no longer recognizes common-law marriages (Domestic Relations Law, § 11), it will recognize such marriages if validly contracted under the laws of another State *(Matter of Lieblein v Charles Chips, Inc.,* 32 AD2d 1016, affd 28 NY2d 869). To establish a common-law marriage in Ohio there must be a showing of an agreement to marry *in verba de praesenti* by clear and convincing proof. Such proof may be by direct evidence of an express agreement, or by circumstances from which an agreement *in praesenti* may be inferred *(Markley v Hudson,* 143 Ohio St 163). Such circumstantial proof may, by statute, be accepted to prove such a marriage in the discretion of the court (Ohio Rev Code Ann., § 3105.12). In the particular facts and circumstances of this case, we are unable to say that the proffered proof rises to the level of substantial evidence sufficient to support a determination of the existence of a valid common-law marriage between the claimant and decedent as a result of their visits to Ohio. Claimant's actions and conduct following those trips negate clear and convincing proof of such a marital agreement. Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.