(December 29, 1988)

■ ELAINE D. KASTIL, Respondent, v MELVIN CARRO et al., Appellants.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered May 18, 1988, which denied defendants' motion for summary judgment, is unanimously reversed, on the law and on the facts, motion is granted, and the complaint is dismissed, without costs.

Ms. Elaine D. Kastil (plaintiff) commenced, in 1984, a breach of contract action against Mr. Melvin Carro and the law firm of Carro, Spanbock, Fass, Geller, Kaster & Cuiffo (firm), and she seeks to recover $4 million in damages.

The verified complaint alleges, in substance, as follows: Shortly after the defendant firm hired plaintiff as a bookkeeper in February 1972, she began a 10-year personal and sexual relationship with defendant Mr. Carro, who is a part-

ner in the firm, and who was married, and that relationship consisted of her primarily acting as his sexual partner, social companion, "surrogate mother" to his mentally disabled daughter, and as his conduit for information about "office politics". While the sexual part of the relationship ended in 1980, the personal part continued until the plaintiff voluntarily resigned from the firm in April 1982.

At the time she left the firm, plaintiff contends Mr. Carro informed her that he had not forgotten his promise to her, made in approximately 1980, to provide for her economic security for life. Thereafter, even though she was no longer with the firm, plaintiff kept in contact with Mr. Carro, and between June 1982 and January 1983, he transferred $30,000 to the firm of L & K Enterprises, which plaintiff contends Mr. Carro instructed her to create, in order to receive those funds. Furthermore, in October 1983, plaintiff asserts that Mr. Carro orally promised her that, in consideration of her past services, which were performed in connection with the relationship, described *supra*, she would be: (1) paid $5,000 per month, commencing October 1983, and continuing until she obtained a comparable position, which paid a comparable salary, as the one she held when she left the firm; and, (2) so long as she received those payments, the firm would provide her with the same health benefits she had received while she was their employee.

Subsequently, Mr. Carro paid plaintiff $15,000 in December 1983, $16,000 in February 1984, and, $1,700 in approximately April 1984, and in May 1984, although plaintiff was not employed, Mr. Carro informed her no further payments would be made. When defendants rejected her demand to continue the payments, plaintiff commenced the instant action.

Defendants answered, and following the completion of discovery, the defendants moved for summary judgment. Special Term denied that motion.

For almost a hundred years, the courts of this State have held that illicit sexual relations cannot provide part of the consideration for a contract *(Rhodes v Stone,* 63 Hun 624, opn in 17 NYS 561, 562 [Sup Ct, Gen Term, 5th Dept, 1892]; *Morone v Morone,* 50 NY2d 481, 486 [1980]).

Furthermore, "the general rule is that past consideration is no consideration" (21 NY Jur 2d, Contracts, § 108, at 519), and the allegations in the instant complaint state unequivocally that the alleged oral October 1983 agreement is to provide payment for the plaintiff's past services, performed during the

relationship, which ended in 1982, when she left the firm. An exception to this general rule is found in General Obligations Law § 5-1105, which provides that a written agreement, which is signed by the promisor and expresses in the writing the past consideration, will not be denied effect as a valid contractual obligation. However, we find General Obligations Law § 5-1105 is not applicable, since the alleged agreement before us is not in writing.

Our review of the record indicates that it is impossible to determine if any of the services performed by plaintiff in the course of her relationship with Mr. Carro were not "rendered gratuitously" *(Morone v Morone, supra,* at 488), and, therefore, we find that the alleged oral October 1983 agreement does not set forth an enforceable obligation. The Court of Appeals stated, in *Morone v Morone (supra,* at 488), that: "For courts to attempt through hindsight to sort out the intentions of the parties and affix jural significance to conduct carried out within an essentially private and general noncontractual relationship runs too great a risk of error. Absent an express agreement, there is no frame of reference against which to compare the testimony presented and the character of the evidence that can be presented becomes more evanescent. There is, therefore, substantially greater risk of emotion-laden afterthought, not to mention fraud, in attempting to ascertain by implication what services, if any, were rendered gratuitously and what compensation, if any, the parties intended to be paid".

Based upon our analysis, *supra,* we find that Special Term erred in denying defendants' motion.

Accordingly, we reverse, and grant defendants' motion for summary judgment, and dismiss the complaint. Concur—Murphy, P. J., Ross, Milonas, Ellerin and Smith, JJ.