■ GENA H. MARINO, Individually and as Administratrix of the Estate of DAVID F. MARINO, Deceased, Appellant-Respondent, v ANHEUSER-BUSCH, INC., et al., Respondents-Appellants and Third-Party Plaintiffs. OVER & UNDER PIPING CONTRACTORS, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in refusing to grant defendants' motions for summary judgment in their entirety.

Plaintiff's claims for pecuniary loss sustained as a result of decedent's death depend on proof of a common-law marriage in either Texas or Pennsylvania. Supreme Court correctly dismissed those causes of action based on a common-law marriage in Texas; however, the court erred in refusing to dismiss those causes of action based on a common-law marriage in the State of Pennsylvania. Although New York does not recognize common-law marriages, "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" *(Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289, 292).

Plaintiff's contention that she and decedent entered into a common-law marriage in Pennsylvania is based on weekend excursions to Pittsburgh to visit friends and attend football games, at which times decedent and plaintiff were introduced as husband and wife.

In order to create a common-law marriage under Pennsylvania law, there must be " 'an exchange of words in the present tense, verba de praesenti, spoken with the specific purpose that the legal relationship of husband and wife be thereby created' " *(Commonwealth v McLean,* 387 Pa Super 354, 364, 564 A2d 216, 220, quoting *Commonwealth v Smith,* 511 Pa 343, 352, 513 A2d 1371, 1375-1376, *cert denied* 480 US 951). "Where a relationship between a man and a woman is 'illicit and meretricious' in its inception, it is presumed to so continue during the cohabitation of the parties. That presumption will be rebutted only if the consent of both the parties to enter into a valid marriage is established by *clear and convincing* evidence" *(In re Kovalchick,* 345 Pa Super 229, 234, 498 A2d 374, 377 [emphasis in original]; *Canute v Canute,* 384 Pa Super 60, 557 A2d 772, 774; *see, Cross v Cross,* 146 AD2d 302; *Matter of Peart v Bross Line Constr. Co.,* 45 AD2d 801). In this case, plaintiff was not divorced from her husband when she and decedent first visited Pennsylvania. Thus, their relationship was illicit at its inception. On subsequent trips to Pennsylvania, plaintiff and decedent stayed with friends who knew that they were not married. Moreover, nowhere does plaintiff contend that she and decedent discussed marriage plans while in Pennsylvania. Absent any evidence that plaintiff and decedent sought to establish the legal relationship of husband and wife, we conclude that they did not enter into a valid common-law marriage by virtue of their visits to Pennsylvania.

Similarly, plaintiff's attempt to establish a common-law marriage in Texas is based on a trip to Texas when plaintiff and decedent stayed with decedent's brother, who knew they were not married, and at a hotel where they registered as husband and wife.

Under Texas law, the primary requirement to establish a common-law marriage is a present agreement to marry *(see,* Tex Fam Code Annot § 1.91 [a] [2]; *Rosetta v Rosetta,* 525 SW2d 255 [Tex Civ App]; *Gary v Gary,* 490 SW2d 929 [Tex Civ App]). "Present consent and agreement to be married is the gist of common-law marriage, and it is not sufficient to agree on present cohabitation and future marriage * * * The agreement necessary for a common-law marriage must be specific from both sides" *(Gary v Gary, supra,* at 932).

The record is devoid of any evidence that plaintiff and decedent ever agreed to marry. To the contrary, all of the evidence supports the conclusion that they did not intend to

formalize their relationship and that they conducted their business affairs as single individuals.

We have examined the remaining contentions raised by the parties and find them to be without merit. (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.