■ In the Matter of the Estate of HELEN T. ABBOTT, Deceased. ANTHONY SACINO, Appellant; MARGARET O'ROURKE, as Executrix, Respondent.—Order, Surrogate's Court, New York County (Eve Preminger, S.), entered October 23, 1991, which granted reargument, and upon reargument, confirmed the report of the Judicial Hearing Officer, and determined that claimant had no right of election against decedent's estate, unanimously affirmed, without costs. Appeals from the orders of the same Court entered October 19, 1990 and October 4, 1991, are dismissed as superseded by the appeal from the order of October 23, 1991, without costs.

Claimant and decedent enjoyed a long-standing relationship, lasting from the time they met in 1962 until decedent's death in 1987. During this period, decedent and claimant often resided together in an apartment on the upper east side of Manhattan, although claimant continued to maintain a separate residence at 1830 First Avenue. Although decedent and claimant shared joint bank accounts, and attended numerous family gatherings, they consistently referred to themselves publicly and on various documents as "friends".

Claimant contends that he consummated a common-law marriage with decedent by virtue of a one-night stay in Pennsylvania in 1980, during which time they stayed at the home of a friend in Lancaster, Pennsylvania, occupying the same bedroom overnight and leaving the following day. However, absent evidence that the parties intended to cohabit as husband and wife during that one-night visit, and absent evidence that they held themselves out as husband and wife or established a general reputation as husband and wife in the community, they failed to meet the requirements of the laws of that State for the establishment of a common-law marriage (see, Cross v Cross, 146 AD2d 302). Moreover, as claimant's own testimony established that his prior marriage was never legally terminated, claimant was legally incapable of contracting a marriage with the decedent.

The Surrogate therefore properly concluded, based upon the report of the Judicial Hearing Officer, that claimant was not a surviving spouse, and had no right of election pursuant to EPTL 5-1.1. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Kassal, JJ.