■ In the Matter of LAWRENCE A. GROSSMAN, as Executor of JEANNE H. GARR, Deceased, Appellant, v MARTIN W. GANGEL, Respondent. [596 NYS2d 53] —Order of the Surrogate's Court, New York County (Renee Roth, S.), entered on or about June 16, 1992, which denied petitioner's motion for summary judgment, unanimously reversed, the motion granted, and the petition dismissed, without costs.

Respondent Martin W. Gangel is a beneficiary under decedent's March 1982 will together with her father, stepmother and nephew. Respondent purports to make an election against the will as decedent's surviving spouse. While it is undisputed that the two were never legally married, respondent seeks to establish that he and decedent entered into a common-law marriage in the State of South Carolina or, alternatively, in the Commonwealth of Pennsylvania, based upon visits to those States during which he and decedent held themselves

out as husband and wife. The executor's motion for summary relief on the question of the couple's marital status was denied by the Surrogate, and the executor appeals.

Respondent Gangel became romantically involved with Ms. Garr in 1970, prior to his divorce in June 1972. He admits that he "accepted" decedent's decision not to seek a marriage license with him, but contends that in August of 1982, at a Shelter Island vacation home in New York's Suffolk County, he said to Ms. Garr, "I love you; I will be your husband," to which she is alleged to have replied, "Marty, I love you, I will be your wife from now on". Respondent then called relatives, "announcing our marriage" and inviting them to the house, to which they brought "wedding presents". Accumulated correspondence suggests that decedent often used the name "Mrs. Gangel" or "Jeanne Gangel" with her Shelter Island neighbors, and numerous affidavits from friends and domestic employees from the Shelter Island community to similar effect were submitted. In 1981 and 1982, decedent executed real estate instruments, both of which include notarized statements that she was married to respondent. By contrast, the couple's separate tax returns for the relevant period identify them as single, and respondent concedes that, in connection with her infirmity and eventual death, he made a number of written and oral statements to lawyers, medical personnel, and mortuary personnel that he and decedent were not married.

This Court has recognized Pennsylvania's concern regarding fraudulent use of common-law marriage, the policy purposes of Judge-made criteria (see, In re Estate of Stauffer, 504 Pa 626, 476 A2d 354, 356-357), and the heavy burden of proof required in that jurisdiction (Cross v Cross, 146 AD2d 302). We cannot agree with the Surrogate that there is an issue of fact under Pennsylvania law, given the lack of evidence that their reputation in that Commonwealth as husband and wife was "general and not confined to a few persons in an immediate neighborhood" (Cross v Cross, supra, at 308, citing In re Estate of Rees, 331 Pa Super 225, 480 A2d 327). The widespread public conduct necessary to establish common-law marriage far exceeds the few conversations in family homes and at unspecified restaurant dinners alleged by respondent. If there is evidence sufficient to meet that threshold requirement, respondent was obliged to lay it bare in opposing the executor's summary judgment motion (Tobron Off. Furniture Corp. v King World Prods., 161 AD2d 355). Having failed to do so, it can be said, as a matter of law, that no common-law marriage

in Pennsylvania has been established *(see, Matter of Helmer v Savin Bros.,* 38 AD2d 641).

Respondent places great reliance on the treatment, under South Carolina law, of the question of whether or not the putative couple expressed an intent to be married as one of fact *(see, Jennings v Hurt,* 160 AD2d 576, 577-578, *lv dismissed* 76 NY2d 870, *lv denied* 77 NY2d 804). In *Jennings,* this Court noted that the proponent who seeks to demonstrate the existence of a common-law marriage in South Carolina "must establish 'an intention on the part of both parties to enter into a marriage contract' * * * The mutual agreement necessary to create such a marriage 'must be conveyed with such a demonstration of intent and with such clarity on the part of the parties that marriage does not creep up on either of them and catch them unawares. One cannot be married unwittingly or accidentally' " (160 AD2d, *supra,* at 577-578). Mutual agreement is the essential element *(see, Johnson v Johnson,* 235 SC 542, 112 SE2d 647, 651), and the necessary intent may be evidenced by the conduct of the parties *(see, e.g., Bochette v Bochette,* 300 SC 109, 386 SE2d 475, 476; *see also, Yarbrough v Yarbrough,* 280 SC 546, 314 SE2d 16).

Even allowing that a two-night stay in South Carolina in the course of an automobile trip to Florida provides a sufficient basis upon which to establish a common-law marriage *(Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289, 293-294), any intent to assume marital status is contradicted by documentary evidence. Significantly, respondent, in his will, refers to decedent as his "friend". Similarly, decedent's will specifies the relationship of the several other beneficiaries as "father", "stepmother" and "nephew", but makes no mention of the relationship of respondent as "husband" or "spouse". The filing of single tax returns and respondent's own oral and written statements concerning decedent's marital status dispel any notion that they considered themselves married *(Jennings v Hurt, supra,* at 577).

As the Court of Appeals noted in *Boyd v Boyd* (252 NY 422, 428), "The validity of any alleged common-law marriage is always open to suspicion. Especially is doubt justified when one of the parties is dead." While a brief visit to another State may be the basis for a common-law marriage *(Shea v Shea,* 268 App Div 677, *revd on dissenting opn of Johnston, J.,* 294 NY 909) and conduct in this State, while not dispositive, is "relevant to show whether the parties viewed themselves as man and wife upon their trip" *(Mott v Duncan Petroleum Trans., supra,* at 294), respondent has not set forth evidence,

in admissible form, to establish that relationship with the requisite intent and clarity required under South Carolina law *(Jennings v Hurt, supra,* at 577). Concur—Sullivan, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.