■ In the Matter of ILYA GOTLIB, Appellant, v LIA RATSUTSKY, Respondent. LIA RATSUTSKY, Respondent, v ILYA GOTLIB, Appellant. [601 NYS2d 1] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about December 1, 1992, which denied defendant's motion for summary judgment dismissing the complaint in Action No. 2, and denied plaintiff's cross motion, *inter alia,* for summary judgment dismissing defendant's affirmative defenses in Action No. 2, modified, on the law, to the extent of granting defendant's motion and dismissing the complaint in Action No. 2, and otherwise affirmed, without costs.

The evidence, including plaintiff's own submissions, far from impugning the validity of the divorce decree issued by the courts of the former Soviet Union, clearly demonstrates that despite the "pro forma" nature of the proceedings, both parties submitted themselves to the jurisdiction of the Soviet courts, and that the divorce was valid under Soviet law. And since, by her own admission, plaintiff voluntarily sought the divorce in order to "expedite" her emigration, it cannot be said that there was any fraud or coercion such as would justify nonrecognition of the decree on public policy grounds. While both parties assert that it was their intention to remarry once in the United States, in fact, they did not, and inasmuch as a common-law marriage cannot be contracted in New York *(People v Allen,* 27 NY2d 108, 113), no marital relationship between the parties arose by reason of their having cohabited and had a child together subsequent to their divorce. Since the complaint does not state a cause of action for declaratory relief in a "matrimonial action" as that term is defined in Domestic Relations Law § 236 (B) (2), and since plaintiff has not demonstrated a reasonable probability of success, there is no basis for an award of temporary child support *(see, Cross v Cross,* 112 AD2d 62, 63). While plaintiff is free to seek support under Family Court Act article 4, since paternity is conceded, the preexisting bilateral divorce decree precludes the relief sought by plaintiff under Domestic Relations Law §§ 236 and 237 *(Pierot v Pierot,* 49 AD2d 838; *see also, Greene v Greene,* 90 AD2d 533; *Merrick v Merrick,* 56 AD2d 827, *lv denied* 42 NY2d 810). Concur—Sullivan, J. P., Kupferman, Ross and Asch, JJ.

Ellerin, J., dissents and would affirm for the reasons stated by Wilk, J.