■ CARLEEN N. CARPENTER, Respondent, v DENNIS M. CARPENTER, Appellant. [617 NYS2d 903] —In an action, *inter alia,* for a declaration that the parties' common-law marriage is valid under the laws of Pennsylvania, and therefore recognized by the State of New York, and for ancillary matrimonial relief including maintenance and the exclusive occupancy of the marital home, the defendant appeals from an order of the Supreme Court, Orange County (Barone, J.), entered June 9, 1993, which, following a hearing, declared that a valid common-law marriage existed pursuant to the laws of Pennsylvania, which would be recognized as valid in the State of New York.

Ordered that the order is affirmed, with costs.

The plaintiff carried her burden of presenting evidence at the hearing sufficient to establish that during her and the defendant's two brief sojourns in Pennsylvania—for a week in 1969 and for four days in 1989, according to the plaintiff's testimony—a common-law marriage valid under the laws of Pennsylvania came into existence, which was deserving of recognition under principles of comity in New York State *(see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C11:7, at 96-97).

According to the laws of Pennsylvania, a party may raise "a rebuttable presumption of [common-law] marriage where two absolutely essential elements are conjoined and co-exist—constant, as distinguished from an irregular or inconstant, cohabitation plus a reputation of marriage, which is not partial or divided but is broad and general" *(In re Manfredi's Estate,* 399 Pa 285, 291, 159 A2d 697, 700; *see also, In re Estate of Rees,* 331 Pa Super 225, 480 A2d 327). Pennsylvania did not require that the couple reside within its borders for any specified period of time before their marital status would be recognized (48 Penn Stat Annot [former § 1-23]; *Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289; *McCullon v McCullon,* 96 Misc 2d 962). Moreover, courts in New York have declared that behavior in New York before and after a New York couple's visit to a jurisdiction that recognizes common-law marriages, like Pennsylvania, may be considered in determining whether the pair entered into a valid common-law marriage while cohabiting, even briefly, in the other jurisdiction

*(see, e.g., Ram v Ramharack,* 150 Misc 2d 1009; *Skinner v Skinner,* 4 Misc 2d 1013).

According to the plaintiff's unrebutted testimony at the hearing, she and the defendant lived together as husband and wife for 25 uninterrupted years, shared the name "Carpenter", raised and educated their two children as legitimate, attended places of amusement together as a married couple, and held themselves out to the world as married. The plaintiff was the defendant's beneficiary on his insurance and pension plans, the pair purportedly owned real estate as tenants by the entirety, they had joint bank accounts, and they filed joint income tax returns. Apparently everyone who knew the parties—including their own children—regarded them as married. Among the documents introduced into evidence were, *inter alia,* several birthday cards sent to the plaintiff by the defendant's mother, addressing the plaintiff as "daughter-in-law", as well as a card from the defendant himself, saluting the plaintiff as his "wife".

As the Supreme Court properly found, the plaintiff overwhelmingly demonstrated, without rebuttal from the defendant (except for various blanket denials), that the parties entered into a valid common-law marriage in June 1969 when they held themselves out as husband and wife while staying in Pennsylvania *(see, e.g., In re Estate of Stauffer v Stauffer,* 315 Pa Super 591, 462 A2d 750, *revd on other grounds* 504 Pa 626, 476 A2d 354; *In re Garges' Estate,* 378 A2d 307 [Pa]; *Commonwealth ex rel. McDermott v McDermott,* 236 Pa Super 541, 345 A2d 914 [Pa]; *In re Horton's Estate,* 357 Pa 30, 34-36, 52 A2d 895, 897-898; *Matter of Coney v R.S.R. Corp.,* 167 AD2d 582; *cf., Matter of Merritt v Chevrolet Tonawanda Div., Gen. Motors Corp.,* 50 AD2d 1018). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.