■ HELEN A. TORNESE, Respondent, v JOHN TORNESE, Appellant. [649 NYS2d 177] —In an action, *inter alia,* for a declaration that the parties' common-law marriage is valid under the laws of Pennsylvania, and therefore entitled to recognition by the

State of New York, the defendant appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated November 15, 1995, which, following a nonjury trial, declared, *inter alia,* that a valid common-law marriage existed pursuant to the laws of Pennsylvania which would be recognized as valid in the State of New York.

Ordered that the judgment is affirmed, with costs.

The defendant's contention that the trial court erred in finding that he and the plaintiff had entered into a valid common-law marriage in Pennsylvania is without merit. It is well settled that although abolished in New York, "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289, 292). Pennsylvania will recognize a valid common-law marriage, *inter alia,* "if there is sufficient evidence to prove that it was the parties *[sic]* intention to enter into a marriage relationship" (*In re Cummings Estate,* 330 Pa Super 255, 263, 479 A2d 537, 541; *see, Cann v Cann,* 429 Pa Super 234, 632 A2d 322, 325; *Commonwealth ex rel. McDermott v McDermott,* 236 Pa Super 541, 345 A2d 914, 915-917). Moreover, "Pennsylvania [does] not require that the couple reside within its borders for any specified period of time before their marital status [will] be recognized" (*Carpenter v Carpenter,* 208 AD2d 882).

According to the plaintiff, on a weekend trip to Pennsylvania in 1976, the defendant told her, *inter alia,* that their divorce about two months earlier had been a mistake, the plaintiff agreed, and the parties decided that they were married. As the trial court was in the best position to evaluate the credibility of the witnesses who testified before it, we will not disturb its determinations in this regard (*see, Richard's Home Ctr. & Lbr. v Kraft,* 199 AD2d 254). The parties' intention to enter into a marriage relationship is exemplified by the fact that beginning several months after the 1976 trip the parties held themselves out to be husband and wife for the succeeding 15 years. Although certain facts support the defendant's claim that the parties did not agree that they were married, resolutions of conflicts in evidence as to whether a common-law marriage has been established are for the trier of fact (*see, In re Cummings Estate,* 330 Pa Super 255, 263, 479 A2d 537, 541, *supra*).

In any event, the plaintiff presented evidence sufficient to establish that a common-law marriage valid under the laws of Pennsylvania came into existence when she and the defendant held themselves out as husband and wife during trips made there after their 1976 trip. Pennsylvania recognizes "a rebut-

table presumption of marriage where two absolutely essential elements are conjoined and co-exist—constant, as distinguished from an irregular or inconstant, cohabitation plus a reputation of marriage, which is not partial or divided but is broad and general" (*In re Manfredi's Estate,* 399 Pa 285, 291, 159 A2d 697, 700; *see also, In re Estate of Rees,* 331 Pa Super 225, 480 A2d 327). In the instant case, the record before us contains overwhelming evidence, including the parties' behavior in New York before and after these visits to Pennsylvania, which supports that presumption, and which the defendant failed to rebut *(see, Carpenter v Carpenter, supra).*

The defendant's remaining contentions are without merit. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.