■ In the Matter of the Estate of YAO YOU-XIN, Deceased. KITTY YAO, Appellant; LOU JINGRU, Respondent. [667 NYS2d 462] —White, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered January 31, 1997, which denied petitioner's motion for summary judgment.

Decedent was killed in an automobile accident that occurred on June 21, 1996 in the Village of Walton, Delaware County. Thereafter, petitioner, decedent's daughter, filed an amended petition for letters of administration and respondent filed an answer and objections to the petition, alleging that she had prior rights to letters since she was decedent's widow. Petitioner immediately moved for summary judgment striking respondent's answer and issuing her letters. Respondent opposed the motion, claiming that she and decedent had entered into a common-law marriage in Pennsylvania on December 31, 1990. Surrogate's Court denied the motion, determining that there was a question of fact on the issue of whether there was a common-law marriage between decedent and respondent. Petitioner appeals.

While New York does not recognize common-law marriages, a common-law marriage contracted in another State will be recognized if it is valid under the laws of that jurisdiction (*see, Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292). Under Pennsylvania law, a common-law marriage may be created by uttering words in the present tense with the intent to establish a marital relationship (*see, In re Estate of Manfredi*, 399 Pa 285, 290-291, 159 A2d 697, 700). Because of the difficulty of assembling proof of such a marriage, constant cohabitation together with a general reputation as husband and wife in the community raise a rebuttable presumption that the parties have contracted marriage (*see, In re Cummings Estate*, 330 Pa Super 255, 263, 479 A2d 537, 541-542). Even with this presumption, a common-law marriage is not easily established since the proponent must meet a heavy burden of proof especially when one of the parties is dead and the proponent is seeking to share in his or her estate (*see, In re Estate of Stauffer v Stauffer*, 504 Pa 626, 630, 476 A2d 354, 356).

Petitioner maintains that it can be found as a matter of law that respondent cannot satisfy the burden of proof, supporting her contention with several affidavits wherein the affiants assert that respondent was merely one of decedent's many girlfriends. Respondent countered with 22 affidavits from individuals supporting her position that she was decedent's common-law wife. The general tenor of these affidavits is that respondent and decedent referred to each other as husband

and wife and were known by general reputation in the community as husband and wife. Significantly, two affiants claimed to have witnessed a common-law marriage ceremony. They aver that they were invited to visit respondent and decedent at their residence in Philadelphia, Pennsylvania, on December 31, 1990. According to the affiants, prior to dinner, decedent said that he had loved respondent for a long time and stated to respondent "from now on you are my wife". Respondent, in turn, stated that she would be happy to be decedent's wife and from now on was his wife, whereupon decedent gave respondent a gold wedding ring. Inasmuch as this proof, if found credible, satisfies the present tense requirement of Pennsylvania law, Surrogate's Court properly concluded that summary judgment in petitioner's favor was not warranted.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.