■ ANNIE K. SEARS, Respondent, v SAM R. SEARS, Appellant. [700 NYS2d 626] —Judgment unanimously reversed on the law without costs and amended complaint dismissed. Memorandum: Supreme Court erred in determining that the parties were married pursuant to a common-law marriage and in granting plaintiff a judgment of divorce. Plaintiff failed to meet her burden of establishing that, during her trips with defendant to South Carolina, Pennsylvania and the District of Columbia, a valid common-law marriage under the laws of those jurisdictions was created that is deserving of recognition in New York State (*see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C11:7, at 117-118). The record establishes that the parties met in 1985 and, according to plaintiff's trial testimony, cohabited for the next 12 years. Defendant was not divorced, however, until October 1989. Additionally, defendant married another woman in June 1988, but that marriage was annulled because defendant was already married.

Plaintiff contends that a common-law marriage was created between the parties during their trips to South Carolina for short periods of time in 1986, 1990, 1991, 1993 and 1994. At trial plaintiff testified that, during those trips, the parties cohabited together in South Carolina and engaged in a "presex" ritual wherein they expressed their love for each other. Plaintiff would also tell defendant that she considered him her husband, and defendant indicated that he considered plaintiff his wife.

In order to establish the existence of a common-law marriage in South Carolina, the proponent must establish that there is " 'an agreement between the parties per verba de praesenti— that is, by words of the present tense, or a present agreement—to be husband and wife' " (*Barker v Baker*, 330 SC 361, 367, 499 SE2d 503, 507, quoting 52 Am Jur 2d, Marriage, § 42). The proponent " 'must establish "an intention on the part of both parties to enter into a marriage contract" ' " (*Matter of Grossman v Gangel*, 192 AD2d 396, 398, *lv denied* 82 NY2d 659, quoting *Jennings v Hurt*, 160 AD2d 576, 577-578, *lv denied* 77 NY2d 804). In the instant case, the parties did not create a common-law marriage in South Carolina in 1986 because defendant was already married at the time (*see, Johns v Johns*, 309 SC 199, 201, 420 SE2d 856, 858). Moreover, their private rituals during their subsequent trips to South Carolina in 1990, 1991, 1993 and 1994 did not constitute a present tense agreement to be husband and wife to establish the existence of a common-law marriage. Rather, during those rituals the parties merely expressed their feelings for each other.

The evidence submitted by plaintiff regarding her relationship with defendant also fails to establish a common-law marriage "with the requisite intent and clarity required under South Carolina law" (*Matter of Grossman v Gangel, supra,* at 399). The parties did not hold themselves out as husband and wife in South Carolina. On the other hand, in New York numerous members of a local country club where defendant and plaintiff were members believed that plaintiff was defendant's wife. Individuals who worked with plaintiff in New York, however, knew that she was not defendant's wife. Moreover, members of the country club testified that defendant significantly benefitted financially from registering plaintiff as an "associate spouse". The record also establishes that the parties never entered into a contract as husband and wife, opened joint checking accounts as husband and wife, owned property by the entirety, or filed joint income tax returns. In addition, plaintiff did not use defendant's surname on her driver's license, and plaintiff and defendant did not register in accom-

modations as husband and wife on their various trips to South Carolina.

Likewise, the parties' trips to the District of Columbia in 1990 and to Pennsylvania in 1993 did not create a common-law marriage in either of those jurisdictions. Plaintiff testified that the parties cohabited during both trips and that they engaged in their private ritual. To establish the existence of a common-law marriage in the District of Columbia or Pennsylvania, a party must submit proof of an agreement to enter into the legal relationship of marriage through an exchange of words in the present tense " ' "spoken with the specific purpose that the legal relationship of husband and wife be thereby created" ' " (*Marino v Anheuser-Busch, Inc.*, 182 AD2d 1073, 1074, *lv dismissed* 80 NY2d 924; *see, Cross v Cross*, 146 AD2d 302, 308-310; *Coates v Watts*, 622 A2d 25, 27 [DC Ct App 1993]; *Commonwealth v Goby*, 527 Pa 98, 110, 588 A2d 902, 907; *East v East*, 536 A2d 1103, 1105 [DC Ct App 1988]; *In re Cummings*, 330 Pa Super 255, 263, 479 A2d 537, 542). During their short stays in those jurisdictions, the parties never entered into a present tense agreement for the purpose of establishing the legal relationship of husband and wife. Additionally, plaintiff failed to establish that the parties held themselves out as husband and wife in Pennsylvania or that she had a "broad and general" reputation of being married to defendant, rather than a "partial or divided" one, necessary to support an inference that a common-law marriage existed in Pennsylvania (*In re Manfredi*, 399 Pa 285, 291, 159 A2d 697, 700).

Consequently, the judgment must be reversed and the amended complaint dismissed. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Matrimonial.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.