■ HENRY H. TRAENDLY, Appellant, v SUSAN B. BESWICK, Respondent. [702 NYS2d 99] —In an action for the partition of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated March 29, 1999, as, upon granting that branch of his motion which was for a declaration that the parties were never married, denied those branches of his motion which were, in effect, to dismiss the defendant's counterclaims and to stay disclosure of financial information until the determination of whether the parties were married.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion are granted, the counterclaims are dismissed, and the defendant is precluded from obtaining disclosure of financial information.

As the Supreme Court correctly found, no common-law marriage could have arisen between the parties by their transient cohabitation in hotels in Pennsylvania and Washington, D.C. on several occasions from 1980 to 1988, when the plaintiff was legally married to another woman (*see, e.g., Matter of Benjamin,* 34 NY2d 27, 30; *Matter of Watts,* 31 NY2d 491, 495; *Matter of Abbott,* 189 AD2d 709; *Cross v Cross,* 146 AD2d 302). Accordingly, all of the defendant's counterclaims, which were based upon this purported common-law relationship, should have been dismissed. In addition, in the absence of a showing by the defendant that a common-law marriage existed, the plaintiff should have been granted a protective order against her demands for financial disclosure (*see, e.g., Cross v Cross,* 112 AD2d 62; *Mari v Strater,* 91 AD2d 579; *Colt v Colt,* 261 App Div 787; *see also, Bannon v Bannon,* 270 NY 484). Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.