■■■ SUSAN C. POTTER, Also Known as SUSAN C. DAVIE, Appellant, v CLIFFORD M. DAVIE, Respondent. (Appeal No. 1.) [713 NYS2d 627] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action against defendant, her alleged common-law husband, "domestic partner", and business partner of six years, seeking a "divorce" and equitable distribution of the alleged "marital" property; division of the alleged "domestic partnership" assets; dissolution of the alleged business partnership; damages for breach of an alleged business partnership agreement and distribution of the alleged business partnership assets; and imposition of a constructive trust upon a condominium owned by defendant in Florida. Pendente lite, plaintiff sought an order of attachment of defendant's New York realty and personalty, and also sought exclusive use and occupancy of the Florida condominium.

Plaintiff appeals from two orders, the first of which denied her motions for an order of attachment of defendant's property in New York and for an order granting plaintiff exclusive use and occupancy of the Florida condominium. The second order granted defendant's cross motion for summary judgment dismissing, insofar as relevant herein, the first through fifth causes of action of the amended verified complaint and denied plaintiff's motion to amend her complaint further.

Supreme Court properly dismissed the first cause of action seeking dissolution of the alleged common-law marriage and equitable distribution of marital property. Plaintiff's allegations are insufficient to establish the requisite elements for common-law marriage under the law of Georgia, Pennsylvania, or Texas (*see, Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289, 293-294; *Sears v Sears,* 267 AD2d 988, 990; *Marino v Anheuser-Busch, Inc.,* 182 AD2d 1073, 1074-1075, *lv dismissed* 80 NY2d 924). In the amended verified complaint, plaintiff alleged that she and defendant "entered into a common law marriage in December 1991 in Monroe County, New York." That is a legal impossibility because New York does not recognize a common-law marriage absent contact by the parties with a jurisdiction that recognizes such relationship as a legal marriage (*see, Matter of Mott v Duncan Petroleum Trans., supra,* at 292; *Matter of Watts,* 31 NY2d 491, 494-495; *Matter of Yao You-Xin,* 246 AD2d 721). Plaintiff further alleged that she and defendant openly and notoriously lived together as husband and wife beginning in December 1991, and have lived and traveled together as husband and wife since then. That allegation is insufficient to support a common-law marriage because defendant was already married and thus was under a disability to marry, at common law or otherwise, in any jurisdiction (*see, Traendly v Beswick,* 268 AD2d 469; *Sears v Sears, supra,* at 989).

Plaintiff further alleged that the parties commenced living together as husband and wife "with the intent of formalizing their personal relationship upon" defendant's divorce, and that defendant advised his children that he and plaintiff would be married upon his divorce. That allegation not only fails to support a common-law marriage, it refutes the essential element of an agreement by the parties to be married presently, and it establishes that they did not enjoy a reputation as a married couple even within defendant's family, let alone in the community at large. In an affidavit, plaintiff averred, "I considered myself married to [defendant] on the day after his divorce became final from [his wife]." Whether and when plaintiff "considered [her]self" married, however, is not at issue here; rather plaintiff was bound to demonstrate that the parties entered into a mutually obligatory and objectively manifested contract of marriage. Further, plaintiff failed to show that the parties' relationship, which was adulterous and meretricious in its inception, later took on a matrimonial character (*see, Matter of Danza,* 188 AD2d 530, 531; *Marino v Anheuser-Busch, Inc., supra,* at 1074).

The court properly dismissed the second cause of action seek-

ing dissolution of an alleged domestic partnership and distribution of its alleged assets. An express oral agreement may create a "domestic partnership" between unmarried cohabiting persons, provided that the agreement is not based or dependent upon illicit sexual relations for its consideration and does not have an unlawful or immoral objective (*see, Morone v Morone,* 50 NY2d 481, 484-486; *Paulus v Kuchler,* 214 AD2d 608, 609; *Kastil v Carro,* 145 AD2d 388, *lv dismissed* 74 NY2d 650). However, no agreement will be inferred in these circumstances based upon the quasi-marital relationship between the parties or the rendition and acceptance of personal services (*see, Morone v Morone, supra,* at 488-489; *Matter of Gordon,* 8 NY2d 71, 74-76; *Matos v Gadman,* 173 AD2d 442, 443; *Donnell v Stogel,* 161 AD2d 93, 96-97). In the second cause of action, plaintiff expressly linked her claim of domestic partnership to her allegation of common-law marriage, the very concept expressly rejected by the Court of Appeals in *Morone (supra,* at 488-489). Plaintiff made no attempt to satisfy *Morone's* requirement of an express agreement. Even if plaintiff's allegations and averments could be construed as referring to an express agreement, the agreement would fail for lack of definiteness (*see, Martin Delicatessen v Schumacher,* 52 NY2d 105, 109), as it fails to specify what contributions and efforts were required of plaintiff and how much defendant was required to pay her in compensation.

Similarly, the court properly dismissed the third and fourth causes of action alleging a business partnership between the parties and seeking its dissolution and the distribution of its alleged assets. Plaintiff fails to allege the essential express agreement between the parties to share in both the profits and the losses of the business (*see, Davella v Nielsen,* 208 AD2d 494; *De Vito v Pokoik,* 150 AD2d 331; *see also, Goodstein Props. v Rego,* 266 AD2d 506, 507).

Likewise, the court properly dismissed the fifth cause of action seeking imposition of a constructive trust on the Florida condominium. A constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest (*see, Sharp v Kosmalski,* 40 NY2d 119, 121). In order to invoke the court's equity powers, plaintiff must show a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, a breach of the promise, and defendant's unjust enrichment (*see, Scivoletti v Marsala,* 97 AD2d 401, 402, *affd* 61 NY2d 806; *Sharp v Kosmalski, supra,* at 121). Here, plaintiff does not allege that she conveyed any interest

in the condominium in reliance on a promise (*see, Stephan v Shulman,* 130 AD2d 484). Moreover, she has not alleged or shown that defendant would be unjustly enriched at plaintiff's expense if allowed to retain unencumbered title to property that he alone has paid for (*see, Sylvester v Sbarra,* 268 AD2d 424) and in which plaintiff lived rent-free for years (*see, Satler v Merlis,* 252 AD2d 551).

The court did not err in denying plaintiff's motion for exclusive use and occupancy of the Florida condominium. That relief was sought under Domestic Relations Law §§ 234 and 236 (B) (5) (f), which make clear that such relief may be granted only in a matrimonial action. Because plaintiff as a matter of law has no colorable matrimonial claim under a theory of common-law marriage or otherwise, there is no basis for an order granting her exclusive use and occupancy of the Florida condominium (*cf., Matter of Gotlib v Ratsutsky,* 195 AD2d 432, *affd* 83 NY2d 696; *Cross v Cross,* 112 AD2d 62, 63).

We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Attachment.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.