■ In the Matter of the Estate of RALPH LANDOLFI, SR., Deceased. EDITH LANDOLFI, Also Known as EDITH SHEARER, Ap-

pellant; RALPH LANDOLFI, JR., Respondent. [724 NYS2d 470] —In a proceeding pursuant to SCPA 1421 to determine the validity of a notice of election, the petitioner, Edith Landolfi, a/k/a Edith Shearer, appeals from a decree of the Surrogate's Court, Kings County (Feinberg, S.), dated February 29, 2000, which, after a trial, dismissed the petition on the ground that the petitioner failed to establish her status as the decedent's surviving spouse based on a common-law marriage under Pennsylvania law.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The petitioner, Edith Landolfi, a/k/a Edith Shearer, filed a notice of election to take against the decedent's estate pursuant to EPTL 5-1.1-A and commenced the instant proceeding pursuant to SCPA 1421 for a decree determining her right of election as the decedent's surviving spouse. The petitioner and the decedent lived together in Brooklyn for 26 years after their respective spouses died but they were never formally married. The petitioner contends that she was the decedent's spouse pursuant to a common-law marriage valid under the laws of Pennsylvania which came into existence when she and the decedent visited Pennsylvania. Following a trial, the Surrogate determined that the petitioner failed to meet her burden of establishing a valid common-law marriage under Pennsylvania law and dismissed the petition. We affirm.

It is well settled that although abolished in New York, "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292; *see also, Tornese v Tornese,* 233 AD2d 316). "[C]ourts in New York have declared that behavior in New York before and after a New York couple's visit to a jurisdiction that recognizes common-law marriages, like Pennsylvania, may be considered in determining whether the pair entered into a valid common-law marriage while cohabiting, even briefly, in the other jurisdiction" (*Carpenter v Carpenter,* 208 AD2d 882). Pennsylvania law does not require that the couple reside within its borders for any specified length of time before their marital status will be recognized (*see, Carpenter v Carpenter, supra).*

As a threshold matter, we conclude that the petitioner failed to present sufficient evidence of cohabitation in Pennsylvania to warrant applying the law of that jurisdiction to determine her marital status. The alleged agreement to marry between the petitioner and the decedent was made in New York, and the couple continuously resided in Brooklyn. The couple never stayed in a hotel in Pennsylvania, and did not repeat the al-

leged marriage vows there. Evidence of the couple's connection to Pennsylvania was limited to testimony regarding several visits they made to the home of a relative in an area near New York, which, at best, implied that they may have stayed overnight on one such visit.

Assuming that the testimony offered by the petitioner was sufficient to establish cohabitation, however briefly, in Pennsylvania (*see, Tornese v Tornese, supra*), we agree with the Surrogate that the petitioner failed to establish that she and the decedent had a common-law marriage which would be recognized under Pennsylvania law.

As explained by Pennsylvania's Supreme Court, "[a] common-law marriage can only be created by an exchange of words in the present tense, spoken with the specific purpose that the legal relationship of husband and wife is created by that" (*Staudenmayer v Staudenmayer,* 552 Pa 253, 261-262, 714 A2d 1016, 1020; *see also, Matter of Yao You-Xin,* 246 AD2d 721). If there is no testimony regarding the exchange of words in the present tense, which are called in Latin *verba in praesenti*, Pennsylvania law applies a rebuttable presumption in favor of a common-law marriage based on proof of constant cohabitation and a broad and general reputation of marriage. However, "if a putative spouse who is able to testify and fails to prove, by clear and convincing evidence, the establishment of the marriage contract through the exchange of *verba in praesenti*, then that party has not met its heavy burden to prove a common law marriage, since he or she does not enjoy any presumption based on evidence of constant cohabitation and reputation of marriage" (*Staudenmayer v Staudenmayer,* 552 Pa 253, at 264, 714 A2d 1016, at 1021).

The petitioner may not rely on the rebuttable presumption since she testified at trial about the alleged *verba in praesenti*. The Surrogate determined that the respondent Ralph Landolfi, Jr., impliedly waived the protection of the Dead Man's Statute (CPLR 4519) by introducing the petitioner's deposition testimony regarding the purported exchange of marriage vows and by questioning her at trial on that issue. The petitioner testified that she and the decedent privately agreed in 1971 that they were husband and wife. However, we agree with the Surrogate that the petitioner's further testimony that the decedent explained to her at that time that he did not want to marry because of the dissension it would create in his family completely undercut her claim that she and the decedent intended to create the legal relationship of husband and wife. Accordingly, since the petitioner failed to meet her clear and

convincing burden of proof as to *verba in praesenti*, there is no need to consider evidence of constant cohabitation and reputation of marriage (*see, Staudenmayer v Staudenmayer, supra*; *Giant Eagle v Workmen's Compensation Appeal Bd. [Bahorich]*, 144 Pa Commw 552, 556-557, 602 A2d 387, 389).

Although we need not reach the petitioner's contention that evidence of constant cohabitation and reputation of marriage should be considered to corroborate her claim of a common-law marriage (*see, Staudenmayer v Staudenmayer*, 552 Pa 253, at 265-266, 714 A2d 1016, at 1021), the record supports the Surrogate's conclusion that there was insufficient evidence of a broad and general reputation of marriage. Under Pennsylvania law, the testimony of a few neighbors and friends is insufficient to establish a general reputation (*see, Giant Eagle v Workmen's Compensation Appeal Bd. [Bahorich], supra*; *In re Estate of Rees*, 331 Pa Super 225, 480 A2d 327; *see also, Matter of Grossman v Gangel*, 82 NY2d 659). Family members on the whole were not aware that the petitioner and decedent were married; the petitioner filed a tax return under her deceased husband's name, Shearer; she owned a joint brokerage account with the decedent under the name Shearer; and she collected Social Security benefits under the name Shearer.

Finally, we note that the Surrogate was in the best position to consider the credibility of the witnesses. We find no basis in this record to set aside the Surrogate's determination that the petitioner failed to meet her burden of establishing a common-law marriage by clear and convincing proof. Accordingly, the petition was properly dismissed. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.