■ In the Matter of FRED STEINER, Deceased. EVELYN SMITH-STEINER, Appellant; SCOTT STANISLAW et al., Respondents. [786 NYS2d 83]—

In a probate proceeding, the proponent appeals from an order of the Surrogate's Court, Orange County (Slobod, S.), dated August 22, 2003, which denied her motion for summary judgment determining that she and the decedent had a common-law marriage and granted the objectants' cross motion for summary judgment determining that she and the decedent did not have a common-law marriage.

Ordered that the order is affirmed, with costs.

The proponent's contention that the Surrogate's Court erred, in effect, by determining that she and the decedent did not have a valid common-law marriage in Florida is without merit. Although abolished in New York, "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980]). In order for Florida, which abolished common-law marriage in 1968, to recognize a valid common-law marriage, "the following prerequisites must exist: general repute, cohabitation, capacity, and present assent to become man and wife, i.e., words Per verba de praesenti," prior to 1968 (*Duey v Duey*, 343 So 2d 896, 897 [1977]; *see Chaves v Chaves*, 79 Fla 602, 613-614 [1920]).

The evidence presented by the proponent showed that she and the decedent held themselves out to be husband and wife and were known as such by their friends and family. However, they did not have a present assent to become husband and wife since they specifically agreed not to marry due to the many divorces among their friends. This evidence negated the essential element of words per verba de praesenti (*see Marsicano v Marsicano*, 79 Fla 278, 289 [1920]). Therefore, the Surrogate Court properly, in effect, determined that no common-law mar-

riage existed prior to 1968 and denied the proponent's motion and granted the objectants' cross motion for summary judgment.

The proponent's remaining contentions are without merit. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.