■ In the Matter of the Estate of DOROTHY CATAPANO, Deceased. STUART GRUNTHER, Respondent; JOSEPH CATAPANO et al., Appellants. [794 NYS2d 401]—

In a proceeding to revoke letters of administration issued to Joseph Catapano for the estate of Dorothy Catapano, and to be issued letters of administration, Joseph Catapano and Joan Catapano appeal from a decree of the Surrogate's Court, Suffolk County (Czygier, S.), dated June 13, 2003, which, after a nonjury trial, granted the petition on the ground that the petitioner demonstrated his status as the decedent's surviving spouse based on a common-law marriage contracted under Pennsylvania law.

Ordered that the decree is affirmed, with costs payable by the appellants personally.

The petitioner commenced this proceeding to revoke the letters of administration issued to Joseph Catapano, as administrator for the estate of Dorothy Catapano pursuant to SCPA 711 (4) and to be issued letters of administration pursuant to his status as her surviving spouse under SCPA 1001. The petitioner and the decedent lived together for $3\frac{1}{2}$ years in homes located in New York and Pennsylvania. Witnesses for the petitioner testified that on June 29, 2001, the petitioner and the decedent expressed marriage vows at the petitioner's home in Pennsylvania. The Surrogate determined, after a nonjury trial, that the petitioner met his burden of establishing a valid common-law marriage contracted under Pennsylvania law, and granted the petition.

Although abolished in New York, "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980]; *see Matter of Landolfi*, 283

AD2d 497, 498 [2001]; *Tornese v Tornese,* 233 AD2d 316 [1996]). Under Pennsylvania law, a common-law marriage may be created by an exchange of words in the present tense spoken with the specific purpose that the legal relationship of husband and wife be thereby created (*see Staudenmayer v Staudenmayer,* 552 Pa 253, 261-262, 714 A2d 1016, 1019-1020 [1998]). The standard for proving the existence of an exchange of words to enter into a common-law marriage in the State of Pennsylvania requires clear and convincing evidence (*see Matter of Landolfi, supra* at 499).

The proof at trial constituted clear and convincing evidence of a verbal exchange between the petitioner and the decedent to enter into a present legal relationship of marriage in Pennsylvania. The Surrogate was in the best position to consider the credibility of the witnesses and we find no basis in this record to set aside the Surrogate's determination. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.