(June 22, 2010)

MARCY R. BARON, Also Known as MARCY R. SUISSA, Appellant, v RONALD SUISSA, Respondent. [906 NYS2d 50]—

In an action, inter alia, to establish the validity of an alleged common-law marriage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 11, 2009, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint to the extent of dismissing the first, second, third, fourth, fourteenth, twenty-fifth, twenty-seventh, twenty-eighth, and twenty-ninth causes

of action with prejudice, and dismissing the remaining causes of action without prejudice to renew in a proper forum.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although New York does not recognize common-law marriages contracted within its borders (*see* Domestic Relations Law § 11; *Matter of Benjamin*, 34 NY2d 27, 30 [1974]), "a common-law marriage contracted in a sister State will be recognized as valid here if it is valid where contracted" (*Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980]; *see Matter of Catapano*, 17 AD3d 672 [2005]; *Matter of Steiner*, 12 AD3d 682 [2004]; *Matter of Landolfi*, 283 AD2d 497, 498 [2001]).

The plaintiff alleged that the parties entered into a valid common-law marriage pursuant to the laws of Pennsylvania and the District of Columbia, and she commenced this action, inter alia, both to establish the validity of that alleged marriage and to dissolve it by divorce. She moved, among other things, for certain pendente lite relief relating to the alleged marriage, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint, contending that no marriage ever existed between the parties.

Contrary to the plaintiff's contentions, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint to the extent of dismissing, with prejudice, those causes of action which were premised on the existence of a valid common-law marriage. The defendant established his prima facie entitlement to judgment as a matter of law on those causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) based on the evidence of the plaintiff's marriage to another man during much of the parties' relationship, the brief and sporadic nature of the parties' visits to Pennsylvania and the District of Columbia, the absence of specific allegations in the plaintiff's submissions evidencing a mutual agreement of the parties, expressed in an exchange of words in the present tense, to enter into a marital relationship while in those jurisdictions, the substantial documentary evidence establishing that the parties continued to consider themselves unmarried after those visits, and the subsequent and unequivocal judicial admissions by the plaintiff that the parties were not, in fact, married and that the defendant had no legal or financial obligations to her (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]; *Festinger v Edrich*, 32 AD3d 412, 414 [2006]; *Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 79-80 [2003]; *Koslowski v Koslowski*, 245 AD2d 266, 268 [1997]). In opposition to the mo-

tion, the plaintiff failed to raise a genuine triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated March 11, 2009, to strike the first three sentences of the paragraph labeled "b" on page four of the appellant's reply brief and to impose a sanction upon the appellant. By decision and order of this Court dated February 24, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.