# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

816

CA 10-02268

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

LUANNE DELZER AND JEFFREY FEUERSTEIN,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

JILL M. ROZBICKI, DEFENDANT-RESPONDENT.

---

ARTHUR J. RUMIZEN, BUFFALO, FOR PLAINTIFFS-APPELLANTS.

THOMAS A. STEFFAN, ALDEN, FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 4, 2010. The order granted defendant's motion for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action seeking to impose a constructive trust on certain real property, plaintiffs contend that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. We reject that contention. We note at the outset that defendant in fact sought dismissal of the complaint pursuant to CPLR 3211, but plaintiffs in opposition characterized defendant's motion as one "for summary judgment," and the court treated it as such. We therefore do the same, inasmuch as plaintiffs have thereby waived any objection to such treatment by their own characterization of the motion (*cf.* CPLR 3211 [c]). On the merits, it is well settled that "[a] constructive trust may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Potter v Davie*, 275 AD2d 961, 963; *see Sharp v Kosmalski*, 40 NY2d 119, 121). "In order to invoke the court's equity powers, plaintiff[s] must show a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, a breach of the promise, and defendant's unjust enrichment" (*Potter*, 275 AD2d at 963; *see Scivoletti v Marsala*, 97 AD2d 401, 402, *affd* 61 NY2d 806). In support of her motion, defendant acknowledged the confidential relationship but established as a matter of law that there was no promise, no transfer in reliance on the alleged promise, no breach of the alleged promise, and no unjust enrichment on defendant's part, and plaintiffs failed to raise a

triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: June 17, 2011

Patricia L. Morgan
Clerk of the Court